Battle,
 
 J.
 

 It is conceded, and, as we think, properly, by the Attorney General, upon the facts found by the special verdict, the defendant is not guilty of stealing the shirt of the prosecutor, as charged in the bill of indictment. The taking of the carpet bag, in which the shirt and other articles were contained, was not a trespass, because it was done by the express directions of the owner, and the defendant, instead of being a trespasser, by such taking, became a bailee of the article, for the purpose of carrying and delivering it to a certain person in the village of Marion. The subsequent concealment of the carpet bag before the trust created by the bailment, was performed, even if done
 
 animo
 
 fwcmdi, was not a larceny, but only a breach of trust. This doctrine has been established by many decisions, of which a collection may be found in Roscoe’s Criminal Evidence, beginning at page 596, (3 Am. from 3 Lon. Ed.)
 

 We have assumed that the carpet bag was taken by the defendant, under a bailment, because the special verdict finds
 
 *401
 
 such to have been the fact, and no intendment can be raised, that the defendant formed the design, before he found the article, to take and appropriate it to his own use. Whether the testimony would have justified the jury in taking the latter view, and finding according^, and if so, what would hhve been the legal consequence of it, is not our province to decide.
 

 The terms of the special verdict preclude another view of the case, which might have been adverse to the defendant: It seems that the carpet bag, when found concealed on the defendant’s' premises, had been rifled, and a part of its contents taken out'and carried away ; .but whether the shirt was one of the missing articles, is not stated ; though it is stated, as a part of the verdict, that it did not appear that the missing articles were taken by the defendant. Ilad the jury found that they were taken,
 
 animo furandi,
 
 by him, it might have been contended that he was guilty of larceny, upon the distinction thus stated by Lord Hale: “ If a man deliver goods
 

 to a carrier, to carry to Dover, and he carry them away, it is no felony; but if the carrier have abale or a trunk with goods in it, delivered to him, and he break the bale or trunk and carry the goods away,
 
 animo fwrandi^
 
 it is a felonious taking ;” see 1 Hale’s P. C. 504, 505, Eos. Grim. Ev. 598. The grounds upon which this distinction is based, and many of the cases given in illustration of it, may be found cited and commented upon in the latter work, but it is unnecessary for us to pursue the enquiry here, for the reason already stated, that the terms of the special verdict prevent the question from being presented.
 

 There is no error in the judgment, from which the appeal is taken, and it must be so certified to the Superior Court,
 

 Per Curiam,
 

 Judgment affirmed.