THE STATE v. WALTER SCOTT.

One who borrows a horse with an intention, existing at the time, of stealing him, is guilty of larceny; and no change of mind after such taking will purge the offence.

A charge which *substantially* conforms to the instructions asked by a party, is sufficient; the Judge need not adopt *the words* of such instructions.

LARCENY of a horse, tried before *Tourgee, J.*, at Spring Term 1870, of ORANGE Court.

It was shown that the defendant borrowed the horse of his owner, at that time in Hillsboro', in order to ride to a place about one mile from town. He was directed by the owner to hitch the horse on coming back, *about* a certain place; not where he was when taken. The defendant, however, on coming back, hitched the horse at a different place, behind a grocery; and afterwards rode him off, and never returned him.

The defendant asked his Honor to charge, that if the owner lent the horse to him, he was not guilty of larceny. His Honor declined to do so, and instructed the jury that if they believed from the testimony that the defendant borrowed the horse, with an intention, existing at that time, to steal him, or if, after returning the horse as described, he afterwards took, and carried him off, without the owner's knowledge or assent, he was guilty of larceny.

Verdict, *Guilty;* Judgment accordingly.

The defendant appealed.

*No counsel* for the appellant.
*F. H. Busbee*, for the Attorney-General, *contra.*

SETTLE, J. His Honor charged the jury " that if the

defendant borrowed the horse with an intent, existing at the time of the borrowing, to steal him ; or, if he returned the horse to the place he was directed and afterwards rode him off, he was guilty of larceny." The charge is in the alternative, and the error is supposed to exist in the first proposition, to wit: "that if the defendant borrowed the horse with an intent existing at the time of the borrowing, to steal him, he was guilty of larceny." There can be no doubt as to the soundness of this proposition; it is fully sustained by authority : 2 East. P. C. 691, 2 Bish. Cr. Law, s. 818, and cases there cited. And it is also settled, that the question of intention, is for the consideration of the jury. The transactions constituting the *res gestæ* in this case, all took place during the same day, and the whole case was submitted to the jury.

It may be suggested, that the fact that the defendant returned the horse to the prosecutor, after riding him a mile and back, rebuts the idea of any intention to steal him. If the felonious intent existed at the time of the borrowing, which was a question for the jury, the offence was not purged by delivering the horse back to the owner : 2 Bish. Cr. Law, s. 805. This apparent fair dealing may have been a part of his device, in order to avoid suspicion. This, too, was a matter for the jury, and they have found the facts against the defendant.

The defendant asked his Honor to charge that "if the prosecutor loaned him the horse, he was not guilty of larceny." A party has no right to require a Judge to charge in any particular terms; and in this instance it would have been improper for his Honor to do so without explanation. Although the case states that his Honor refused the charge prayed for, still, upon examination, it will be seen that his charge embraced every thing to which the defendant was entitled.

He told the jury that if they believed, from the testimony, (and we must suppose that the charge was given in reference to the testimony, and all the circumstances of the case,) that the defendant borrowed the horse, with an intent existing at the time of the borrowing, to steal him, he would be guilty of larceny. They were required by this charge to find not only the borrowing, by which he obtained the possession, but also the intention, existing at the time of the borrowing, to steal the horse. A fair construction presents at once the other proposition, that unless they do so find the borrowing, coupled at the same time with an intention to steal, the mere borrowing would not be larceny. This we think is a fair construction of his Honor's charge on that part of the case.

The second branch of the charge, to wit: that if they believed that the defendant returned the horse as directed by the owner, and afterwards took and carried him off without the knowledge or assent of the owner, he was guilty of larceny, is a proposition too plain to admit of argument. If the possession of the defendant was determined by the return of the horse, all privity was severed, and the subsequent taking was larceny; as much so as if any other person had taken the horse.

Upon the whole record we find no error. Let this be certified, &c.

PER CURIAM.                          Judgment affirmed.