STATE *vs.* GEORGE HENDERSON.

If one by trick or contrivance, gets possession of the goods of another, and the act be done in such a way as to show a felonious intention to "*evade the law,*" he Is guilty of larceny, as where, in addition to other instances stated in *State* v. *Deal,* 64 N. C.,) one snatches money from the hands of a man, and immedi ately escapes to avade the process of law.

*State* v. *Deal,* 64 N. C. 270, and *State* v *Shelton,* 65 N. C-. 295, discussed, and the distinction between trespass and larceny stated by PEARSON, C. J.

This was an indictment for larceny, tried before Watts, Judge, at Fall Term 1871, of Wake Superior Court.

The charge was that the defendant had stolen "one United State's Treasury note, issued by the Treasury Department of the United States of the denomination of fifty dollars," &c.

The prosecutor stated that he was in conversation with a stranger at the market-house in Raleigh, that the stranger proposed that they should go on a street parallel with Fayetteville street, so as to get into a show. That after getting round on the street the stranger pulled out what is known as a *tobacco box trick*. At this time the defendant came up, and the stranger proposed to bet the defendant $10, that he could not open the box in a *given time*. Defendant took the bet, and the stranger asked the prosecutor to lend him $5 to make the bet. The witness took out a fifty and two five dollar bills, and as he was undoing the money, the defendant snatched the two bills out of his hands, and he and the stranger ran off out of the street towards the rear of the shop and escaped.

The defendant was arrested in the town of Goldsboro, and the stranger has never been found.

Defendant's counsel asked the Court to charge the jury, that upon this state of facts he, (defendant) was not guilty. The Court declined so to do. But told the jury, that if the prosecutor was to be believed, and the defendant snatched the money with intent feloniously to appropriate it to his own use, under the circumstances detailed, &c, he was guilty.

Verdict of guilty. Judgment and appeal.

*Attorney General* for the State.
*A. M. Lewis* for the defendant.

PEARSON, C. J. There is no error. I had indulged the hope that in the opinion, *State v. Deal*, 64 N. C., 270, and in the opinion, *State v. Shelton*, 65 N. C., 294. The distinction between a mere trespass and a forcible trespass on the one side, and simple larceny and robbery on the other, was so plainly set out, as to put an end to the question. So as not only to enable the Judges in the Superior Courts to act upon the distinction, as His Honor, Judge Watts did in this case, but also to satisfy the attorneys, that if men by stealth or by force with

a feloneous intent, took and carried away the personal property of another ; that it was not necessary to trouble this Court with questions turning upon that distinction.

In Deal's case the Court say the prominent feature of a feloneous intent, is that the act be done in a way showing an intention *"to evade the law.* Instances are then set out of acts, that show an intention to evade the law. Taking by stealth, taking by force with blacked faces, to this we will now and another instance, snatching money out of a man's hand, *and instantly running off,* and endeavoring to get out of the reach of the hands of justice. In Deal's case we say, "There is no one feature of a felonious taking in the face of this transaction." In this case we say, that every feature in the face of the transaction shows a felonious intent. Contrivance, confederacy, snatching and running off for the manifest purpose of evading the law.

No error. This will be certified.

PER CURIAM.                    Judgment affirmed.