STATE *v.* HANDY FISHER.

Larceny may be committed in a crowd or in the public streets; and where the defendant obtained possession of a hog from a stranger, claiming it as his own, and carried the hog home, altered the mark and put it in the pen with his other hogs: *Held,* it to be no error in the Judge below, to leave it to the jury to say, whether the taking was done for the purpose of depriving the real owner of his property, and converting the same to his own use or not; and if so done, the defendant was guilty.

INDICTMENT, Larceny, tried at the Spring Term, 1873, of BLADEN Superior Court, before his Honor, *Russell, J.*

The defendant was charged with stealing a hog, the property of one Averett. The evidence on the part of the State was, that Averett lost his hog and found it in the pen of defendant, with the mark just changed to that of defendant. When the hog left it was in his, Averett's mark.

The defendant explained his possession of the hog by claiming it, and saying he got the same from one Anderson. Anderson testified, that the hog came to his house, and while there, he inquired of his neighbors as to whom it belonged, and among others, of the defendant, who after looking at the hog, claimed it and carried it off. Defendant did not conceal the taking, but did it openly, carrying the hog off and put it in his pen with his other hogs ; he, the defendant, did not explain the altering the mark of the hog.

Defendant's counsel prayed the Court to charge the jury, that, to constitute larceny, the act must be committed " *clam et secrete,*" and as the defendant took the property openly, there was no intent to conceal from the owner that he was the taker ; and the owner knew who had his hog and against whom he could bring his action ; and that it was no larceny.

His counsel further asked the Court to charge, that if the color of right set up by defendant to the hog was a mere pretence and cover, still he could not be convicted of larceny, as

he took the property above board and in a way showing no intention to evade the law, and the owner was notified by this public taking who took his hog, and whom to see for the purpose of recovering his property.

The Court refused the first and third instructions prayed, and charged the jury, that larceny could be committed, though the act be done publicly and in the presence of a hundred witnesses. A thief might designedly assume the appearance of openness and boldness in order to cover his felonious purposes. A man picks your pocket in the court yard, and the moment he gets your money he shows it to you and the crowd, puts it into his pocket, tells you to bring your action, and carries off your property; this is larceny, if it is done with a felonious intent. The question in this case is, did the defendant take the hog, honestly believing it to be his own property? If so, he is not guilty. Or did he take it, knowing that it was not his own, and with intent to convert it to his own use and defeat the right of the true owner? Was this claim which he set up to the hog a mere pretence, which he knew to be false? Did he take the hog, and at the same time set up his claim to it, as a mere cover to protect himself from prosecution? Did he set up the claim so as to have an excuse, in case he should be charged with taking what did not belong to him? If so, he is guilty.

The jury found the defendant guilty. Rule for a new trial; rule discharged. Judgment and appeal by defendant.

No counsel in this Court for defendant.

*Hargrove, Attorney General,* contra, cited *State* v. *Scott,* 64 N. C. Rep. 586; *State* v. *Deal. Ibid* 270; *State* v. *Henderson* 66 N. C. Rep. 627; *State* v. *Sowls,* Phill. 151.

Intention is a matter for the jury. *Scott's* case, *supra.* Here his Honor left it to the jury to find as to defendant's intention. Larceny, although the taking was openly done; see *Henderson's* case, 66 N. C. Rep. 627; and RODMAN, J., dis-

senting, in *State* v. *Deal*, 64 N. C. Rep. 270. Taking openly is not *conclusive* that there was no felonious intention, but only evidence to be considered by the jury.

If defendant took the property under color of right, believing it to be his own, he is not guilty, and so the Judge below charged. If his claim was a trick to evade the law, he is guilty, and it was not error for his Honor so to charge.

RODMAN, J. It is difficult to see anything in the evidence upon which the counsel for the defendant could base the assumption that the taking was open and public, upon which he requested the Judge to instruct the jury that it could not be larceny.

The taking was not in the presence of the owner, nor with his knowledge, nor was it public in any just sense of the word. It was from a stranger, none but the two being present, and his consent to part with the possession was obtained by a false pretense of ownership, and with the intent to convert the hog to the defendant's own use. We think it was not error in the Judge to refuse the instructions asked for. We think also that there was no error in the instructions which he gave. Larceny may be committed in a crowd or in a public street. Persons are convicted daily of stealing in such places. It is true that if the thief is detected or supposes himself suspected, he generally attempts to escape. But if he has no such apprehension; if he thinks the act has been so cleverly done as not to have been observed, he makes no such attempt, or he may, as his Honor says, be bold enough to admit his crime to the owner and refuse to return the goods. Is the act the less criminal on that account? It is impossible that the guilt of an act can depend upon the conduct of the actor after the act is complete. Such conduct is evidence of the intent, but does not directly and *of itself* characterize the act. That the defendant put the hog in his pen where it would be more or less open to public view, and that he altered the mark, were, with all the other

circumstances of the case, evidence of what his intent was at the time of the taking, but nothing more.

There is no error.　Judgment affirmed.　Let this opinion be certified.

PER CURIAM.　　　　　　　　　　Judgment affirmed..