STATE v. JOSEPH T. WILSON.

*Comments of Counsel.*

The alleged improper remarks of counsel in this case do not constitute ground
    for a new trial, since the judge cautioned the jury that the words com-
    plained of should not be permitted to make any impression on their minds
    unfavorable to the defendant.

(*Overcash* v. *Kitchief*, 89 N. C., 384; *State* v. *Suggs, Ib.*, 527; *State* v. *Bryan, Ib.*,
        531; *State* v. *Sheets, Ib.*, 543, cited and approved).

INDICTMENT for larceny tried at Fall Term, 1883, of ASHE
Superior Court, before *Graves, J.*

Testimony was offered by the defendant tending to show an
*alibi*, and one of the witnesses examined for this purpose was
the defendant's son, about twelve years of age, who testified that
he was at home on the night of the alleged larceny, and that his
father (the defendant) came home that night about one o'clock and
slept with him in the same bed until the next morning.

On the argument before the jury, one of the counsel assisting
in the prosecution said, in substance, " that the testimony of the
little boy is not to be relied on; that if the defendant had been
at home that night he would not have contented himself with
the testimony of a child necessarily under his influence, but
would have called his wife to the witness stand," and then the
counsel proceeded to speak of the defendant's wife as a woman
of high character.

This course of argument did not escape the notice of defend-
ant's counsel, and he made no objection to it at the time, but it
did escape the attention of the judge who was considering writ-
ten instructions which had been submitted.

After the argument closed, the defendant's counsel excepted,
and called the attention of the judge to the language used, and
he replied that it was improper and counsel would have been
stopped if he had observed it at the time.   Defendant's counsel

then remarked that "the wife of defendant is not in court; she is sick." Whereupon the opposing counsel said, in a tone loud enough to be heard by the jury, "she was here yesterday, for I saw her."

The court told the jury they must not consider state-ments made by counsel, but must find the facts from the testimony of the witnesses, and that it was not proper for coun-sel to have commented on the fact that the defendant had not introduced his wife to testify in his behalf; that the defendant was under no obligation to do so, and by the express words of the statute it was declared that his failure to do so could not be used to his prejudice; and that the argument and words com-plained of should not be permitted to make any impression on their minds unfavorable to the defendant.

There was a verdict of guilty. The refusal of the court to grant the defendant's motion for a new trial upon the grounds as above stated constitutes the only exception taken upon the trial. The defendant appealed from the judgment pronounced upon the verdict.

*Attorney-General,* for the State.
*Mr. R. Z. Linney,* for defendant.

MERRIMON, J. The counsel who, in his argument to the jury, transcends the limits of just debate by stating facts outside of the case, or making arguments and drawing inferences, not only not allowed, but forbidden by the law, seriously violates profes-sional propriety, whether prompted by undue zeal for his client's cause or less worthy considerations. We believe that this is not often done by counsel in this state, but if occasionally it is, we are sure that under the check and rebuke of the court, it recoils more or less upon the client of him who thus forgets his duty and his station as a lawyer.

In this case the zeal of the counsel led him to go an unwar-ranted length, but the just judge was prompt to explain fully to
47

the jury the law applicable, and to caution them in plain, strong terms that what the counsel had said improperly ought not to prejudice the defendant.   It does not appear that it did in the slightest degree.   The judge who presided at the trial could best determine whether or not harm was done to the defendant by the matter complained of.   We are very sure that if he had thought so, he would have been prompt to grant a new trial, as he had the power to do.

We have repeatedly held recently that the ground assigned in this case as error is not sufficient for a new trial.   *Overcash* v. *Ketchie,* 89 N. C., 384; *State* v. *Suggs, Ib.,* 527; *State* v. *Bryan, Ib.,* 531; *State* v. *Sheets, Ib.,* 543.

No error appearing in the record, this judgment must be affirmed, and to this end let this opinion be certified to the superior court of Ashe county.   It is so ordered.

No error.                                                    Affirmed.