J. H. GREENLEE, Trustee, v. VIRGIL GREENLEE and ANDREW BURGIN.

*Witness—Privilege of Counsel.*

1. The Court has power, after the evidence is closed, to refuse to allow a witness to correct his testimony before the jury, and to retain the matter to be heard on a motion for a new trial, if the correction be material.

2. It is not error for the Judge to say in the presence and hearing of the jury, that he will not allow such correction to be then made, but will retain the matter to be heard on a motion for a new trial.

3. Where there is an abuse of privilege by counsel in the address to the jury, the Court may either stop the counsel, or caution the jury in the charge not to be influenced by the improper argument.

(*Wilson* v. *White*, 80 N. C., 280; *Kerchner* v. *McRae*, 80 N. C., 219; *Cannon* v. *Morris*, 81 N. C., 139; *State* v. *Wilson*, 90 N. C., 736, cited and approved).

CIVIL ACTION to recover land, tried before *Avery, Judge,* and a jury at Fall Term, 1885, of McDOWELL Superior Court.

The plaintiff offered evidence tending to show that he had title to the two tracts of land in controversy, which were not adjacent, but lying not far apart. But it did not appear that he had had possession of either since 1865.

The defendant produced in evidence a grant from the State, covering the land in dispute, and offered evidence tending to show that he had been in the actual possession under his grant, of parts of both the tracts claimed by the plaintiff for more than seven years prior to the commencement of the action in 1882.

One Burgin, a witness for the plaintiff, testified among other matters, that the defendant did not put his fence across the line of one of the tracts until three or four years before the commencement of the action, and after one argument had been made for the plaintiff and one for the defendant, the counsel for the defendant announced to the Court that the witness Burgin desired to correct his testimony in reference to the possesion. He had not been examined as to any other matter, except the length of the defendants' possession of one of the tracts.

The counsel for the plaintiff objected to allowing the correction to be made at that time, and gave as a reason that it might involve some change in the testimony for the plaintiff; that plaintiff might have met the matter proposed now to be shown by the witness, on the trial, with the testimony of witnesses dismissed without examination, and that plaintiff would not have introduced Burgin except upon information that he would testify as he had done.

The Judge then said, that Burgin would not be allowed to make any correction now; that if the correction was very material or important, it might be heard by the Court on a motion for new trial, and counsel might understand that now.

After the refusal to allow the witness to correct his testimony, an argument was made to the Court and jury by one of the counsel for the defendant, and the argument was concluded by counsel for plaintiff.

In addressing the jury, counsel for the defendants said : "Gentlemen of the jury, the counsel on the other side refused to allow Mr. Burgin to correct his testimony"—and was evidently proceeding to. comment on the fact, when counsel for plaintiff objected.

The Court directed counsel to desist from any reference to the motion to allow Burgin to correct his testimony, and told the jury then that they need not be influenced in rendering their verdict by any remark made by counsel in reference to the matter, or by the fact that Burgin had not been allowed to make any correction. Counsel made no further remarks on that subject. Subsequently, in the charge to the jury, the Court told them that they would find the facts only from the testimony in the case.

There was no exception asked or entered for plaintiff to the charge of the Court, or to any ruling of the Court in the progress of the trial.

After verdict, counsel for plaintiff moved the Court for a new trial : 1st, because the remark of the Court in presence of the jury, that if the correction was very material or important, it

might be heard by the Court on motion for new trial, &c. ; 2nd, on the ground that the comment of counsel on the refusal of plaintiff to agree that Alney Burgin should correct his testimony was a gross abuse of privilege.   •

A motion for new trial on the grounds mentioned was refused. Plaintiff excepted, and appealed.

*Mr. E. T. Greenlee,* for the plaintiff.
*Mr. J. F. Morphew,* for the defendants.

ASHE, J., (after stating the facts).   There is no merit in either of the exceptions taken by the plaintiff.   We are unable to perceive how the remark made by the Judge in the hearing of the jury, *that if the correction* was very material or important it might be heard by the Court on motion for a new trial, could possibly have influenced, in any degree, the minds of the jury, especially after the Court instructed them that they must not be influenced by the fact that Burgin had not been allowed to make any correction, and that they must find the facts only upon the testimony in the case, or in other words, that they must consider the testimony of Burgin as it had been deposed by him.

As to the other exception, upon the ground of abuse of privilege by the defendants' counsel in commenting on the refusal of plaintiff to agree that Burgin might correct his testimony, the Court did all that was required of it by law to do, under such circumstances.   As soon as the counsel commenced the comment, he was promptly stopped by the Court, and in the charge to the jury, they were told that they were not to be influenced in rendering their verdict by any remark made by the counsel in reference to the matter.   When there is an abuse of privilege by counsel, the Court may either stop the counsel or caution the jury against it in the charge.   Here the Court did both; and it is no ground for a new trial.   *Wilson* v. *White,* 80 N. C., 280; *Kerchner* v. *McRae,* 80 N. C., 219; *Cannon* v. *Morris,* 81 N. C., 139; *State* v. *Wilson,* 90 N. C., 736.

There is no error.  The judgment of the Superior Court is affirmed.

No error.                                        Affirmed.