THE STATE v. MINGO MACRAE.

*Larceny—Felonious Intent—Possession—Bailee—Agent.*

1. While it is ordinarily true that a person is not guilty of larceny who converts property in his own possession, yet if he gained such possession by any trick or fraud, with intent at the time to convert, he may be found guilty of larceny.

2. The ownership of the property is properly laid in the bailee if it appears that the defendant, when he took possession of the property as agent for the owners, used such agency as a means to get possession to carry out his felonious intent.

This was an INDICTMENT for larceny, tried at March Term, 1892, of NEW HANOVER Criminal Court, before *Meares, J.*

The facts are stated in the opinion.

*The Attorney General,* for the State.
*Mr. T. W. Strange,* for defendant.

CLARK, J.: The defendant asked the Court to charge: "If the jury believe that the cotton was placed in the hands of the defendant by its owner, and the defendant, so having charge of it, took some of it or otherwise disposed of it to his own use, he would not be guilty of larceny." In lieu thereof the Court charged " that while it was a general rule of law that the agent or employee, or other person to whose possession the owner of personal property had entrusted it, could not commit larceny, because such person had come into possession of the property legally, still there are exceptions to the rule, as when the accused had resorted to trickery, fraud or deception in order to get the possession; that if in this case the defendant had taken advantage of the liberties allowed him as a cotton sampler, it being necessary that he should take a small portion of cotton from each bale in order to sample it, and had the guilty intent to appropriate some

of the cotton to his own use after he had taken it from the bale, this would be larceny, although he had the permission of the owners to take the cotton from each bale." The prayer was substantially given, though not in the very words asked. The addition made thereto by the Court is sustained by ample authority. *State* v. *England*, 53 N. C., 399; *State* v. *Jarvis*, 63 N. C., 557. There was evidence tending to show that the defendant had the guilty intent to appropriate the cotton to his own use when he took it—especially the evidence that the appropriation and sale of such cotton by the defendant had been going on for some time. This intent was a question for the jury. 2 Bishop Cr. Law, sec. 818. There was very far more evidence of such intent here than in *State* v. *Scott*, 64 N. C., 586.

The ownership would have been properly laid either in the owner or in the bailee. *State* v. *Allen*, 103 N. C., 433, and cases there cited. It is contended, however, that the defendant took the property lawfully from the bailee as agent of the owners, and therefore the larceny was subsequent and was from the owner, and the property should have been laid in such owner and not in the bailee. But this overlooks the evidence and the charge alike. If, at the time of taking the samples, the defendant had the felonious intent to appropriate them to his own use, there was no taking possession for the owner. The larceny was, then, when he took the samples into his possession with the felonious intent to appropriate them. Such taking was from the possession of the bailee. There was no time when such cotton or samples were held by him for the owner if he took them with such intent. Instead of taking the samples to the owners it appears, if the evidence is to be believed, the defendant, under the guise of taking samples, took cotton out of bales in possession of the bailee with the felonious intent, at the time, to appropriate them to his own use, and did so appropriate them. This was larceny, and the property was rightly laid in the bailee. The authority of the owner to take samples for him was not acted

on, but was simply used as a trick or deception by which to feloniously take and carry away cotton in the possession of the bailee. A case exactly in point is *State* v. *England, supra,* though the Court there explained that on the special verdict it had to hold the defendant not guilty, because it was not found that he had the intent to appropriate the carpet-bag to his own use at the time he received it by authority of the owner and for him. Here the intent to misappropriate at the time of taking the cotton was left to the jury. Besides, there was evidence sufficient to go to the jury that the cotton appropriated by the defendant from the warehouse of the bailee far exceeded in quantity the samples which could have been taken from the number of bales stored therein by the only party for whom there was any evidence that the defendant was authorized to act as sampler. If he took more than samples, or from other bales than those he was authorized to sample, he was, of course, guilty of larceny from the bailee.

No Error.