STATE v. JOHN HILL.

*Larceny—Felonious Intent—Secrecy—Remarks of Counsel.*

1. While secrecy is usually a part of the evidence of felonious intent it is not such an essential accompaniment of larceny as to require the State, in every instance, to prove an attempt to conceal the taking.

2. Where, in the trial of an indictment for larceny, there was conflicting evidence as to the manner in which the defendant took and carried from a store a piece of meat, it was proper in the Court to leave the question of felonious intent to the jury.

3. Where the Solicitor, in reply to a remark by the defendant's counsel that the defendant was a respectable white man, said to the jury that he himself was a colored man, and that if defendant was a colored man the jury would convict him in five minutes on the evidence, the error (if any) in permitting such remark to the jury was cured by a caution by the Court, in its charge to the jury, not to be influenced by the remarks complained of.

INDICTMENT for larceny, tried at Fall Term, 1893, of BERTIE Superior Court, before *Bynum, J.,* and a jury.

It appeared on the trial that the defendant took some meat from a store to a cart belonging to Godwin, but to which his own oxen were hitched.   He claimed that Charles Godwin asked him to carry out the meat, which Godwin

said was his. · The meat was discovered under the shucks in the cart. There was conflicting testimony as to the manner in which defendant carried the meat from the store, one witness saying he put it under his overcoat, and another that he held it in front of his body as he walked out.

Upon the conclusion of the evidence defendant's counsel asked in writing for the following instructions:

"If defendant openly carried the meat through the store, a crowd of people being in the store at the time, then there was no evidence of a felonious intent or felonious taking."

In addressing the jury one of the counsel for the defendant alluded to his client, the defendant, as a respectable white man, genteel-looking, who had succeeded in supporting himself well, and being nicely dressed and making a good appearance, and it was unreasonable to suppose a man of such appearance would steal the meat.

When the Solicitor for the State came to reply he said: "Now, gentlemen of the jury, I am a colored man; you are white men. If the defendant was a colored man you would convict him in five minutes on this evidence."

At this point counsel for defendant objected to this argument. The Court held it was a legitimate argument in reply to what had been said for the defendant, and the defendant excepted.

The Court declined to give the instructions asked by defendant, but instructed the jury as follows:

"The defendant admits that he took the meat from the box in the store and put it in the cart. This is a sufficient asportation, and if he took it from the box and put it in the cart with the intent to steal and carry it away, he would be guilty, although Holloman got the meat back before the defendant had gone off with it any further than to put it in the cart. But the defendant says he did not take it with intent

to steal it; that Charles Godwin told him to take it, and he did so for that reason, supposing the meat to be his. If the State has satisfied you beyond a reasonable doubt that the defendant took the meat of his own will, with the intent to steal it, it will be your duty to return a verdict of guilty. If he took the meat at the request of Charles Godwin in the honest belief that it was Godwin's meat, he would not be guilty, and it would be your duty to acquit him.

"The question for you is not whether the defendant is a white man or a colored man; not whether the evidence is sufficient for you to convict a colored man on or a white man, but it is for you to consider whether the evidence is sufficient, and does satisfy you beyond a reasonable doubt that this defendant, just as he appears before you, is guilty."

The Court then stated a summary of the circumstances relied on for the State and for the defendant.

There was no exception to the charge as given, except the failure to give the instruction prayed for.

There was a verdict of guilty, and defendant appealed from the judgment thereon.

*The Attorney General*, for the State.
*Mr. F. D. Winston*, for defendant (appellant).

AVERY, J.: Secrecy is usually a part of the evidence of a felonious intent, but it is not an essential accompaniment so as to make it incumbent on the State to show an attempt to conceal the taking in every instance. *State* v. *Powell*, 103 N. C., 424; *State* v. *Fisher*, 70 N. C., 78. In the most favorable aspect of the testimony as to the manner of taking and carrying the meat out of the store, the question of the intent of the defendant was one for the jury, and whether he went out of the store carrying it in front of him or under his overcoat, it was proper for the Court below to leave the

jury to determine whether it was taken to the wagon at the request of Charles Godwin, and under the belief that Godwin had bought it, or whether it was the purpose of the defendant to deprive the true owner of it and convert it to his own use.

If the Solicitor abused his privilege, as counsel for the State, in his comments in reference to the color of the defendant, it was not such an extreme case as to take it out of the general and well-established rule that the Court may either stop counsel at the time or caution the jury in its charge not to be influenced by the remarks complained of. *Greenlee* v. *Greenlee*, 93 N. C., 278 ; *State* v. *Bryan*, 89 N. C., 531 ; *Kerchner* v. *McRae*, 80 N. C., 219 ; *State* v. *Weddington*, 103 N. C., 364 ; *Hudson* v. *Jordan*, 108 N. C., 10. We must not be understood as holding that as a reply to what had been said by the defendant's counsel the remarks of the Solicitor upon this subject were not within the line of fair and legitimate debate. There was            No Error.