## STATE v. ROBERT USSERY.

*Mnnslaughter—Trial—Instructions—Evidence —Reputa-
tion—Character Witness—Practice.*

1. As manslaughter may be committed in various ways, and with-
out the use of a deadly weapon, a defendant who was indicted
and tried for murder with a stick, and was convicted of man-
slaughter, cannot complain of the failure of the trial judge
to instruct the jury whether the stick used was a deadly
weapon.

2. It is the duty of the trial judge, to be exercised in his discretion,
to either stop counsel in their argument on a trial when they
abuse their privileges by indulging in a line of argument for
which there is no support in the evidence, or, in the charge,
to caution the jury to disregard the objectionable remarks.

3. Where, on a trial for murder, the judge instructed the jury that
if they were satisfied that the prisoner reasonably feared the
loss of his life or great bodily harm at the hands of the
deceased, at the time he struck the blow, and that it was
necessary for him to strike for the protection of his life or to
save himself from serious bodily harm, they should acquit the
prisoner; *Held*, that such instruction was sufficiently explicit
and not erroneous, in that it did not instruct the jury to
acquit the defendant if he believed it necessary to strike, &c.

4. If, on a trial, the court omits any evidence favorable to the pris-
oner in his recapitulation and charge, it is the duty of the
prisoner's counsel to call it to the attention of the court in
time to enable it to correct the omission; for, after verdict,
an exception grounded on such omission will not be sus-
tained.

5. It is not necessary, in the absence of a special request, for the
trial judge to recapitulate all the evidence in his charge to
the jury, and if the prisoner desires the entire testimony or
any portion to be repeated to the jury, he must make the
request in apt time and before verdict. If no such instruction
is asked, the failure to repeat the entire testimony is not
error.

6. A witness as to general character, after qualifying himself, can only state the general reputation of the person whose character is the subject of inquiry. If cross-examined as to particular facts, the redirect examination must be limited to the particular matter brought out by the cross-examination. Hence,

7. Where a witness, testifying to the general character of the prisoner, had on cross-examination stated that the prisoner had submitted on a charge of fornication and adultery, the redirect examination was properly limited to that matter and not allowed to include enquiry as to the general character for "truth and honesty."

AVERY, J., dissents.

INDICTMENT FOR MURDER, tried at December Term, 1895, of RICHMOND Superior Court, before *Robinson, J.*, and a jury. The defendant was charged with the murder of Oliver Capel, was convicted of manslaughter, and, after being sentenced to imprisonment at the State penitentiary for a term of ten years, appealed. It is not necessary to state the facts connected with the killing in order to an understanding of the decision.

*The Attorney General*, for the State.
*Messrs. Shepherd & Busbee* and *Cameron Morrison*, for the defendant (appellant).

FAIRCLOTH, C. J.: The defendant was indicted for murder and convicted of manslaughter. There were numerous exceptions to the admission and exclusion of evidence and to the charge of the court. Several of these were abandoned in this Court, and we note only those which seemed to be relied on.

One of the exceptions relied on in the argument is that his Honor failed to tell the jury whether the stick used was a deadly weapon. This we need not discuss, as the verdict is only for manslaughter, and the prisoner has the

benefit of treating the stick as not being a deadly weapon, because manslaughter may be produced in various ways without the use of such a weapon. Another exception by the prisoner is that the court stopped one of his counsel in his argument when commenting on a state of facts, of which his Honor stated there was no evidence. It would be manifestly improper for counsel to indulge in a line of argument when there is no evidence to support it.

There are frequent occasions on trials below, calling for the discretion and sound judgment of the trial judge. When he shall be of opinion that counsel are exceeding and abusing their privileges in any matter, it is his duty to either stop the counsel at once or caution and tell the jury in his charge to disregard the objectionable remarks, and neither course will be error. *Greenlee* v. *Greenlee*, 93 N. C., 278; *State* v. *Hill*, 114 N. C., 780, and several cases therein cited. His Honor charged the jury that if they were satisfied " the prisoner reasonably feared the loss of his life, or great bodily harm, at the hands of the deceased at the time he struck the blow, and that it was necessary for him to strike for the protection of his life, or to save himself from serious bodily harm, you should acquit the prisoner." We think this complies with the rule that " he believed it was necessary,. &c.," insisted on by the defendant, and this disposes of several other exceptions of the same import.

The prisoner's seventh exception is that his Honor in his charge, in relation to murder in the second degree, called attention to the State's evidence and omitted to call attention to the prisoner's evidence on the same subject. This exception seems of no importance, now that the verdict was only for manslaughter, but if the court omits any evidence favorable to the prisoner in his recapitulation and charge, it is the duty of the prisoner's counsel to call it to

the attention of the court, in order that the same may be supplied, and after verdict an exception grounded on such omission will not be sustained. *State* v. *Grady*, 83 N. C., 643.

There are other exceptions to the charge, such as that his Honor did not eliminate the material facts of the case or weigh the state of facts on both sides and apply the principles of law to them—that he did not state in a full and explicit manner the facts given in evidence—that he did not tell them what evidence was substantive, what corroborative, what contradictory, and the purposes for which such kind of evidence might be considered by the jury. On reading the charge, which seems to have been carefully delivered, we are unable to see that the case was presented unfavorably to the prisoner. The judge is not required to recapitulate all the evidence to the jury; it is sufficient for him to direct their attention to the principal questions before them and explain the law applicable thereto. If the prisoner desire the entire testimony or any specific part thereof repeated to the jury, he should make the request in apt time and before verdict. If no such instruction is asked, the failure of the court to repeat will not be a ground for a new trial. *State* v. *Pritchett*, 106 N. C., 667; *Boon* v. *Murphy*, 108 N. C., 187.

The remaining exceptions refer to the evidence on the question of character and reputation. Reputation is the estimation in which a person is held by others, especially the popular opinion. Some critic has said that character lives in a man—reputation outside of him. In the trial of Thomas Hardy for treason, Mr. Erskine described it in these words: " The slow-spreading influence of opinion arising from the deportment of a man in society. As a man's deportment, good or bad, necessarily produces one circle without another, and so extends itself till it unites in

one general opinion, that general opinion is allowed to be given in evidence." State Trials, page 1079. This rule of evidence is so manifestly just and reasonable, and appeals so strongly to the common sense of man, that it has ever been the law in this country. The rule is that, where an impeaching witness is called, he must first qualify himself by answering whether he knows the general reputation of the witness or party whose character is being inquired about. If he says he does not, then he should be stood aside, and no cross-examination allowed. If he answers in the affirmative, he can only state the general reputation of the witness or party. On cross examination, he, for the purpose of testing his knowledge and weakening the force of his first statement, may be examined as to particular traits. Then the redirect examination is limited to the particular matter brought out by the cross-examination. Without this limitation, which we gather from numerous decisions, the trial would lead to an endless inquiry, and would soon lead the jury into great confusion. Then for the uniform and faithful administration, it is quite necessary that this rule be settled, as it has been long since.

In this case, one of the exceptions will be sufficient to settle all the exceptions on this question. J. M. Smith was called by the prisoner, and testified that the general character of the prisoner Ussery was good. On cross-examination he stated that the prisoner had submitted on a charge of fornication and adultery. He was then asked by the prisoner's counsel, " What is the general character of Ussery, the prisoner, for truth and honesty ?" Objected to by the State and excluded by the court, and the prisoner excepted. It will be seen that the question violates the rule above stated, and that there was no error in

excluding the answer. *State* v. *Perkins*, 66 N. C., 126; *State* v. *Laxton*, 76 N. C., 216.