### STATE v. TOBE LYERLY.

#### (Filed 19 May, 1915.)

**Criminal Law—Larceny—Exchange of Currency Bills—Felonious Design—Trials—Instructions.**

Under an indictment for larceny, where there is evidence that the prosecuting witness went into the defendant's store, handed him, at his request, a $50 bill to look at, which he carried to the back of the store and gave the witness a bill which he put into his pocketbook without examination, and ten minutes thereafter he examined the bills in his pocketbook, found a $2 bill which he had not had before, and that his $50 bill was missing; that he immediately reëntered the store, asked for the defendant, but discovered he had gone: *Held*, an instruction was correct that the jury should find the defendant guilty, should they find from the evidence beyond a reasonable doubt that the defendant obtained possession of the $50 bill with an existing felonious intent permanently to deprive the prosecutor of his ownership of the money and to convert it to his own use.

APPEAL by defendant from *Adams, J.,* at September Term, 1914, of ROWAN.

Indictment for larceny. The defendant was convicted by the jury, and from the judgment pronounced appeals to this Court.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*A. H. Price, Thomas H. Vanderford, Jr., and William C. Coughenour. Jr., for defendant.*

BROWN, J. The prosecuting witness Pethel testified: "I am a fireman on the Southern Railway, and on the 20th day of June was paid off. I had a new $50 bill, and I went to the defendant's store at night and told him I had a 'pretty.' He asked to see it. I showed it to him. he took it and went to the back part of the store and stayed awhile.. I called

to him to return my money. After a while he came back and gave me a $2 bill. I did not know it at the time. I found it out after I left the store. I had a $50 bill, two $20 bills, and some $1 bills in my purse when I went to defendant's store. Did not have any $2 bills. The defendant kept the $50 bill two or three minutes before he came back to me from the rear of the store. He then gave me a $2 bill, as I afterwards found out. He kept the $50 bill. I have never seen it since. He never returned it to me."

He further testified that he then left the defendant's store and a few minutes later had occasion to look into his pocketbook and discovered that his $50 bill was missing and that he had a $2 bill in the place of the $50 bill. He immediately returned to the store and found that the defendant had left. The witness had not been gone more than ten minutes from the time that defendant took his bill until witness missed it and returned.

The defendant testified that Pethel came to his store and took out a $50 bill, and that witness looked at it in the presence of several others and gave it back to Pethel. He did not go to the rear of the store and did not give Pethel $2.

Another witness for the defendant testified that the defendant did not go to the back of the store and did not leave the place where the bill was handed to him by the prosecuting witness.

The only assignment of error is to the part of the charge of the court which appears on page 8 of the record, and in which the court instructed the jury that if they should find from the evidence beyond a reasonable doubt that the defendant obtained possession of the $50 bill, under the circumstances testified to by the prosecuting witness, with "an existing felonious intent permanently to deprive the prosecutor of his ownership in the money and to convert it to his own use, and in pursuance of such intent and in the execution of such design" did as testified to by the prosecuting witness, they should return a verdict of guilty of larceny, as charged.

The charge of his Honor is supported by the precedents. There is no pretense that the prosecutor loaned this money to the defendant. The case is properly made to turn upon the theory that the defendant was guilty of a trick or device in gaining possession of the $50, with a present felonious purpose to deprive the owner of his money and to convert it to the defendant's own use. A very instructive opinion in line with this case is *S. v. Bryant,* 74 N. C., 124. See, also, *S. v. Scott,* 64 N. C., 586; *S. v. McCrary,* 111 N. C., 665; *S. v. Henderson,* 66 N. C., 627.

No error.