STATE v. GILBERT ACREY.

(Filed 20 May 1964.)

1. Larceny § 4;   Robbery § 2;   Indictment and Warrant § 9—

An indictment charging that defendant at a specified time and place did "with force and arms" feloniously steal, take, and carry away from a person specified a sum of money, charges the crime of larceny and not that of robbery, G.S. 14-72, the words "with force and arms" being merely a formal phrase traditionally included in bills of indictment and having no significance as an element of the specific crime charged.

2. Larceny § 8;   Assault and Battery § 16;   Criminal Law § 109—

Assault is not a less degree of the crime of larceny from the person, and therefore in a prosecution for larceny the court is not required to submit the question of defendant's guilt of assault, even though there be evidence thereof.

APPEAL by defendant from Latham, J., October 1963 Criminal Session of DURHAM.

Criminal prosecution on the following bill of indictment:

"STATE OF NORTH CAROLINA    SUPERIOR COURT
"DURHAM COUNTY              October Term, A.D., 1963

"The Jurors for the State upon their oath present, that Gilbert Acrey & Gordon Cook late of the County of Durham, on the 2nd day of October, in the year of our Lord one thousand nine hundred sixty-three, with force and arms, at and in the County aforesaid, did wilfully, unlawfully and feloniously steal, take and carry away from the person of Russell Wheeler the sum of 35 Cents in Lawful U. S. Money, of the value of 35/100 . . . (35c) Dollars, of the goods, chattels and moneys of one Russell Wheeler then and there being found, feloniously did steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Defendants pleaded not guilty. As to each defendant, the verdict was "guilty as charged." Judgments imposing prison sentences were pronounced. Defendant Acrey appealed.

Attorney General Bruton and Deputy Attorney General McGalliard for the State.

Jerry L. Jarvis for defendant appellant.

PER CURIAM. The court held the bill of indictment charged the crime of larceny, to wit, the larceny of thirty-five cents from the per-

son of Russell Wheeler. See G.S. 14-72. We agree. Appellant's contention that the bill of indictment charges the crime of common-law robbery is untenable. The words, "with force and arms," constitute a formal phrase traditionally included in bills of indictment. See G.S. 15-155. They have no significance as an element of the specific crime charged in the bill of indictment.

The court charged correctly as to all essential elements of the crime of larceny. Appellant contends the court erred by failing to instruct the jury as to the additional elements necessary to constitute the crime of common-law robbery. Since the bill of indictment did not charge common-law robbery, appellant's said contention is without merit.

The State's evidence tended to show appellant obtained the thirty-five cents from Wheeler by seizing him, slapping him and putting him in fear. Under the court's instructions, the jury was required to so find as a prerequisite to a verdict of guilty as charged. These instructions may have placed too great a burden upon the State but were not prejudicial to appellant.

Appellant did not testify. Cook, appellant's codefendant, was the only witness for the defense. Cook's testimony tended to show appellant, a pedestrian, accused Wheeler of reckless driving; that a quarrel ensued in the course of which appellant slapped Wheeler; and that "about ten minutes" later, when relations were amicable, Wheeler freely and voluntarily loaned thirty-five cents to appellant. Thus, the slapping incident to which Cook's testimony refers did not occur on the occasion appellant got the thirty-five cents from Wheeler.

The court instructed the jury to return a verdict of guilty as charged or a verdict of not guilty. Appellant contends, citing G.S. 15-169 and G.S. 15-170, that the court should have instructed the jury that they might return a verdict of guilty of an assault. The contention is untenable. An assault is not a lessor degree of the crime charged in the bill of indictment.

We commend appellant's court-appointed counsel for his diligence and ingenuity in presenting this appeal. However, after careful consideration, we are of opinion, and so decide, that appellant's assignments do not disclose prejudicial error.

No error.