## STATE v. OTT BOWERS.

(Filed 8 May 1968.)

**1. Larceny §§ 3, 10—**

Larceny from the person in any amount is a felony punishable by imprisonment for as much as ten years. G.S. 14-72.

**2. Larceny § 4—**

In prosecutions for the felony of larceny from the person, the solicitors are advised to include in the bill of indictment the words "from the person."

**3. Criminal Law § 26—**

Upon an appeal from a conviction of misdemeanor larceny in a county court, the election of the State to try defendant upon the warrant in the Superior Court for misdemeanor larceny precludes the State from retrying defendant for felonious larceny in the event a new trial is granted, although the evidence at the first trial would support a charge of felonious larceny.

**4. Larceny § 1—**

Larceny is the taking and carrying away of the personal property of another without his consent, with felonious intent at the time of the taking to deprive the owner of his property and to appropriate it to the taker's use, and the act of taking must involve either an actual trespass or a constructive trespass in fraudulently acquiring possession through some trick or artifice.

**5. Larceny § 7—**

Evidence of the State that defendant obtained a $20.00 bill from the prosecuting witness upon his representation that he wanted the money temporarily and solely for the purpose of showing the prosecuting witness a trick, and that defendant refused to return the money but kept it and appropriated it to his own use, *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of larceny by trick.

**6. Criminal Law § 170—**

An instruction by the court, upon being informed that the jury was divided 11 to 1, that the jury should confer again and that "You have to reach a verdict" *is held* to constitute prejudicial error, since the jurors may have considered the court's statement as a mandatory and unequivocal directive to reach a verdict.

APPEAL by defendant from *Armstrong, J.,* September 1967 Criminal Session of ROWAN.

Criminal prosecution on a warrant charging that defendant, on or about July 21, 1967, "did unlawfully, willfully and feloniously take, steal and carry away $20.00 in valid U. S. Currency, the property of Larry Honeycutt, by trick, in violation of 14-72, against the form of the Statute in such cases made and provided," etc.

Defendant was first tried on said warrant in the Rowan County Court. He was adjudged guilty. Judgment imposing a prison sentence of thirty days, suspended upon conditions *inter alia* that he "pay back to Mr. Honeycutt the sum of $20.00" and that he pay a fine of $50.00 and the costs, was pronounced. Defendant appealed.

In the superior court, when the case came on for trial *de novo*, and before the jury was selected and impaneled, it was stated by the prosecutor, the defense counsel and the court that defendant was being placed on trial for misdemeanor larceny. Defendant pleaded not guilty. Thereupon the jury was selected and impaneled. Evidence was offered by the State and by defendant.

In brief summary, the evidence most favorable to the State tended to show defendant obtained a $20.00 bill from Honeycutt on his representation he wanted to use it solely to show Honeycutt a trick and thereafter he would return it to Honeycutt; that, after taking the bill in his hand, moving it around "a little bit," and folding it up "a little bit," defendant "pulled it back out," exhibited it to Honeycutt and said, "Is this the $20.00 you *gave* me?" (Our italics.) Honeycutt answered, "Yes." Thereupon, defendant said, "Thank you," put the $20.00 bill in his pocket, kept it and appropriated it to his own use, notwithstanding Honeycutt's repeated but unsuccessful efforts to regain possession thereof.

The jury returned a verdict of guilty as charged. Thereupon, the court pronounced judgment that defendant "be confined in Common Jail of Rowan County for a period of 12 months and assigned to do labor as provided by law."

Defendant excepted and appealed.

*Attorney General Bruton, Deputy Attorney General Lewis and Trial Attorney Smith for the State.*
*Graham M. Carlton for defendant appellant.*

BOBBITT, J. Defendant contends the accusations in the warrant in effect charge him with a felony, to wit, larceny from the person.

At common law, both grand larceny and petit larceny were felonies. Now, by virtue of G.S. 14-72, the larceny of property "of the value of not more than two hundred dollars" *is* a misdemeanor and the punishment therefor is in the discretion of the court. However, G.S. 14-72, according to its express provisions, has no application where "the larceny is from the person." *State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91, and cases cited.

Admittedly, the punishment for larceny from the person may include imprisonment for a term of ten years. *State v. Stevens,* 252

N.C. 331, 113 S.E. 2d 577; *State v. Acrey,* 262 N.C. 90, 136 S.E. 2d 201; G.S. Chapter 14, Article 1, consisting of G.S. 14-1, G.S. 14-2 and G.S. 14-3, being a codification of Chapter 1251, Session Laws of 1967.

In the absence of a bill of indictment, defendant contends the present prosecution should be dismissed.

In *State v. Stevens, supra,* the indictment charged defendants with the larceny of $104.00 in cash. When arraigned thereon, each defendant entered a plea of *nolo contendere* "of larceny from the person." Judgments imposing prison sentences of 3-8 years and of 3-5 years, respectively, were pronounced. Seemingly, Stevens stands for the proposition that an indictment charging the larceny of property of the value of two hundred dollars or less is a sufficient basis for a conviction of larceny from the person or a plea of guilty or *nolo contendere* to larceny from the person. The present appeal does not necessitate reconsideration of the decision in *Stevens.* However, solicitors would do well to include in bills of indictment the words "from the person" if and when they intend to prosecute for the felony of larceny from the person.

It is noted that G.S. 14-72, according to its express provisions, has no application where "the larceny is . . . from the dwelling or any storehouse, shop, warehouse, banking house, counting house, or other building where any merchandise, chattel, money, valuable security or other personal property shall be, by breaking and entering." Where an indictment charges larceny of property of the value of two hundred dollars or less, but contains no allegation the larceny was from a building by breaking and entering, this Court has held the crime charged is a misdemeanor for which the maximum prison sentence is two years, notwithstanding all the evidence tends to show the larceny was accomplished by means of a felonious breaking and entering. *State v. Fowler,* 266 N.C. 667, 147 S.E. 2d 36; *State v. Ford,* 266 N.C. 743, 147 S.E. 2d 198; *State v. Morgan,* 268 N.C. 214, 222, 150 S.E. 2d 377, 383; *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165.

Defendant was not tried upon a bill of indictment but on said warrant. The Rowan County Court, having jurisdiction of misdemeanors, treated the warrant as charging simple larceny of $20.00, adjudged defendant guilty of that misdemeanor and pronounced judgment therefor. In the superior court, defendant was put on trial for the simple larceny of $20.00, a misdemeanor; and upon conviction sentence imposed by the judgment pronounced was well within the statutory limit for a misdemeanor.

The State, having affirmatively elected to treat the accusation set forth in the warrant as a charge of simple larceny of $20.00,

could not and cannot prosecute for the felony of larceny from the person on account of what transpired between Honeycutt and defendant on July 21, 1967. The State was not required to prosecute for the felony. It elected, and had a right to do so, to restrict the prosecution to an accusation of and trial for a misdemeanor. Having done so, we are of opinion, and so decide, that defendant can be retried only for the simple larceny of $20.00, a misdemeanor.

Analogous factual situations are involved in cases where the solicitor, having elected at *first* trial not to prosecute for rape, *State v. Pearce,* 266 N.C. 234, 145 S.E. 2d 918, or for murder in the first degree, *State v. Dove,* 222 N.C. 162, 22 S.E. 2d 231, or for burglary in the first degree, *State v. Locklear,* 226 N.C. 410, 38 S.E. 2d 162, is precluded, in the event of the second trial, from prosecuting for the capital felony.

Defendant's motion to dismiss for insufficiency of the evidence to warrant submission to the jury was properly overruled.

"Generally speaking, to constitute larceny there must be a wrongful taking and carrying away of the personal property of another without his consent, and this must be done with felonious intent; that is, with intent to deprive the owner of his property and to appropriate it to the taker's use fraudulently. It involves a trespass either actual or constructive. The taker must have had the intent to steal at the time he unlawfully takes the property from the owner's possession by an act of trespass. Actual trespass, however, is not a necessary element when possession of the property is fraudulently obtained by some trick or artifice." *State v. Griffin,* 239 N.C. 41, 45, 79 S.E. 2d 230, 232. Accord: *State v. MacRae,* 111 N.C. 665, 16 S.E. 173; *State v. Lyerly,* 169 N.C. 377, 85 S.E. 302; 32 Am. Jur., Larceny § 28; 52 C.J.S., Larceny § 32.

The words, "by trick," apprised defendant of the State's contention that defendant obtained possession of the $20.00 bill fraudulently by trick rather than by actual trespass. The evidence most favorable to the State is to the effect the trick used by defendant was defendant's representation to Honeycutt that he wanted the $20.00 bill temporarily and solely for the purpose of using it to show Honeycutt a trick.

In *State v. Lyerly, supra,* the court considered a factual situation similar to that presently before us. The opinion of Brown, J., states succinctly: "The case is properly made to turn upon the theory that the defendant was guilty of a trick or device in gaining possession of the $50,00, with a present felonious purpose to deprive the owner of his money and to convert it to the defendant's own use." In *Lyerly,* as pointed out by defendant, the prosecution was on a bill

of indictment charging the larceny of a $50.00 bill. However, when Lyerly was tried (1914) the simple larceny of goods of the value of more than $20.00 was a felony. See *State v. Cooper, supra,* for successive statutory modifications.

After having deliberated, the jury returned to the courtroom where one of the jurors reported they had been unable to reach a verdict. Thereupon, according to the record before us, the following occurred:

"THE COURT: Are you going to speak for everybody?

"JUROR: Yes, sir.

"THE COURT: I am going to ask you some questions, but I don't want you to answer any of them until I get through. I am going to ask you a very simple question and I want it answered in this manner. I don't want to know whether you're for conviction or acquittal. I want to know simply how you are divided. Now, don't answer. Whether it's 11-1 or 6-6 or 7-5. Just give me two numbers.

"JUROR: You want —

"THE COURT: If you don't understand me, I want somebody who does. I've made it as clear as I know how to.

"JUROR: Eleven-to-one.

"THE COURT: Go back and confer among yourselves. *You have to reach a verdict.*" (Our italics.)

Defendant excepted to and assigns as error the statement: "You have to reach a verdict."

It seems clear *to us* that this remark attributed to the distinguished and experienced trial judge was intended only to inform the jury there could be no verdict unless all jurors consented thereto. However, it seems probable the jurors may have considered the challenged statement as a mandatory and unequivocal directive to reach a verdict. Hence, in accordance with decisions cited and reasons stated in the recent case of *State v. Roberts,* 270 N.C. 449, 154 S.E. 2d 536, defendant is entitled to a new trial. The Attorney General frankly concedes the present case cannot be distinguished from the *Roberts* case.

New trial.