## STATE v. ANDY WINCROFT.

*Indictment -- Burglary -- Challenge to Jurors -- Wife's Separate Property -- Verdict.*

1. The statutory requirement that a tales juror shall be a freeholder, does not apply to the original panel.

2. The finding of the Court below, as to whether a challenged juror has paid his taxes, is final and cannot be reviewed in this Court.

3. The dower or homestead interest of a wife in the real estate of her husband is a mere *right* which may never vest; not an *estate* ; *Therefore*, in an indictment for burglary for breaking into A's house, it is proper to charge that the house is the property of A alone. ·

4. While a husband and wife live together, the husband has a special property as bailee in the wife's separate personal estate, which is in common use by them. *Therefore*, in an indictment for burglary where a certain quilt, proved to have been stolen, was the separate property of A's wife and was charged in the indictment as the property of A ; *Held*, not to be error.

5. The verdict of a jury must be recorded substantially as rendered.

(*Baker* v. *Jordan*, 73 N. C. 145, cited and approved.)

INDICTMENT for burglary, tried at Fall Term, 1876, of ROBESON Superior Court, before *McKoy, J.*

The material facts in the case together with the causes assigned for a new trial and arrest of judgment are sufficiently stated by Mr. Justice Rodman in delivering the opinion of this Court.

Under the instructions of His Honor in the Court below, the jury rendered a verdict of guilty. Judgment. Appeal by defendant.

*Attorney General*, for the State.
*Mr. W. McL. McKay*, for the defendant.

RODMAN, J.   The prisoner and one Matthews were indicted for burglary.   The prisoner was tried separately.   The in-

dictment contained two counts; the first for breaking, &c., the house of Joseph G. Baxley with intent to steal his goods; the second for breaking, &c., into the house of said Baxley with intent to steal, and with actually stealing a bed-quilt and certain other articles therein, the property of said Joseph. The jury found a general verdict of guilty.

The prisoner moved for a new trial. We have considered with the care due to the importance of the case to the prisoner, every ground assigned by his counsel, either for a new trial or in arrest of judgment. We concur with the Judge below in his opinion on all of them. Most of the points taken for the prisoner are so obviously untenable, that they were not pressed in this Court, and we consider any full discussion of them useless.

The grounds assigned for a new trial are briefly these:

1. That a juror on the original panel was not a freeholder.

The statute does not make that qualification requisite for the original panel. It speaks only of tales jurors

2. A juror was challenged because he had not paid his taxes. He swore that he believed he had, and the Judge overruled the challenge. The decision of the Judge upon the fact, was final and cannot be reviewed here.

The prisoner then moved in arrest of judgment, and assigned for cause:

1. That Baxley had a wife, and that the property in the house entered, was in him and her jointly or in common, by reason of her rights to dower and homestead therein and should have been so charged. If there was anything in this at all, it would properly be a ground for a new trial, for a variance and failure of proof. But a wife has no *estate* in her husband's land during his life. Her interest is a mere right which may never vest. The wife of Baxley had no property in the house and it was properly described as his.

2. The quilt which was the only article proved to have been stolen from the dwelling, was the separate property of

the wife, having been owned by her at her marriage.    There was no evidence that any goods, the property of the husband, had been stolen by the defendant.    There was therefore a variance between the allegation and the proof, which entitled the defendant to an acquittal.    If there was an error in this respect, it was ground for a new trial, and not properly for an arrest of judgment.    We think there was no variance, and that the property was well laid in the husband.    As the marriage was after 1868, the quilt was the separate property of the wife.    On an indictment for burglary with the intent to steal the goods of Joseph G. Baxley, the intent must be proved as laid.    6 Chit. Cr. L., 948 ; 1 Ibid. 213 ; Whart. Am. Cr. L., § 818.    But it is also settled, that goods in the possession of a bailee, may be laid as his property.    Wharton Am. Cr. L., § 1824 ; 21 Maine, 586 ; 22 Ibid, 171 ; R. & R. 136 ; 4 C. & P., 391 ; 8 Texas, 115 ; 1 Leach, 356.

And it is said, if stolen goods are stolen from a thief, the goods may be alleged to belong either to the true owner or to the first thief.    Wharton, § 1825 ; *Ward* v. *The People*, 3 Hill, 396.

Notwithstanding the wife has a separate general property in her goods, yet while husband and wife live together, he must be deemed to have a special property as bailee, at least in such goods as are in the house and in common use by them.    They are in his possession and control against all the world but his wife, and he might separately maintain an action against a trespasser.    Her consent to his receiving the income and profits of her separate property, and of course to its use, is presumed until such consent be revoked.    Bat. Rev. ch. 69, § 29.    *Baker* v. *Jordan,* 73 N. C. 145. He is the person primarily to defend and protect the possession, and larceny is a violation of the possession.    Without this special property, under the circumstances supposed, the husband cannot exercise his acknowledged rights or discharge his duties.

3. For a variance between the day of committing the offence alleged in the bill, and that proved.

It is familiar learning that this variance is immaterial.

4. That the Clerk recorded the verdict not in the words of the jury, but in the form given in a form book.

While the verdict must be recorded substantially as given, it is the duty of the Judge to see it put in proper form. In this case the verdict as recorded was read to the jury and assented to as their verdict.

No error.

PER CURIAM.                              Judgment affirmed.