STATE v. KATE HAUSER AND CURTIS GENTRY.

(Filed 12 April, 1922.)

**1. Larceny—Indictment—Proof—Variance.**

The charge in the indictment was for the larceny of a diamond. The proof that it was a large diamond set in the center of a brooch surrounded by pearls and small diamonds, is not a fatal variation between the charge and proof.

**2. Same—Husband and Wife—Constitutional Law.**

Where the indictment charges larceny of a diamond as from the husband, when it was in fact the property of his wife, and they were living together as husband and wife, and he had charge of her affairs and of the property in the house, he has such special property in the article stolen as will sustain a conviction, notwithstanding the constitution recognizes the wife's right in her individual property.

**3. Receiving Stolen Goods—Larceny—Indictment—Evidence—Questions for Jury—Trials.**

Where there is evidence that a colored nurse has stolen a diamond from her employer, which was missing on the night she spent at the house of her codefendant charged with receiving, and that her codefendant sold the diamond for about one-tenth of its value on the morning following, is sufficient of his receiving with knowledge that the diamond had been stolen to sustain a verdict convicting him of the offense.

**4. Same—True Owner.**

Where there is evidence that the codefendant in an action for larceny knew that a diamond had been stolen and that he had himself stolen it from the thief, it is immaterial whether he had stolen it from the thief or the true owner, both acts being against the right of the true owner, and chargeable in the same bill as parts of the same illegal asportation.

49—183

APPEAL by defendants from *Harding, J.,* at January Term, 1922, of FORSYTH.

The defendants were charged with stealing one diamond of the value of $700, the property of M. P. Orr, and for receiving the same knowing it to be stolen. The defendant Kate Hauser was found guilty of larceny of the stone, and Curtis Gentry guilty of receiving the same knowing it to be stolen. Judgment; appeal by both defendants.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Holton & Holton and H. M. Ratcliff for Kate Hauser.*
*C. W. Stevens for Curtis Gentry.*

CLARK, C. J. The indictment charged the larceny of one diamond of the value of $700, the property of M. P. Orr. The evidence for the State, if believed, is conclusive that Kate Hauser was guilty of larceny of the diamond, which was a large diamond set in the center of a brooch, surrounded by pearls and small diamonds. She stole the brooch and it was later recovered in the same form as stolen. There was no separation of the diamond from the brooch. The defendant's counsel contends, however, that larceny of a diamond being charged in the bill and the proof being that it was set in the brooch, was a fatal variance. If the defendant stole the diamond it makes no difference whether it was attached to the brooch or in a bag or box or lying about loose. *S. v. Harris,* 64 N. C., 128, in which the charge was for larceny of "50 pounds of flour," and the proof showed theft of a sack of flour. This was approved in *S. v. Nipper,* 95 N. C., 655, and in *S. v. Kiger,* 115 N. C., 750. In this last case the charge was theft of so many gallons of brandy and the proof was of so many barrels of brandy, which was held sufficient.

The defendant further takes the objection that the indictment charged that the diamond was the property of M. P. Orr, and that it appeared in the evidence that it was the property of his wife; but the two were living together as husband and wife, and he had charge of her affairs and of the property in the house, and therefore had possession with her of her legal effects. He therefore had possession, which was equivalent to a special property therein, notwithstanding that the Constitution recognizes the wife's rights in her individual property. *S. v. Wincroft,* 76 N. C., 38; *S. v. Matthews, ibid.,* 41; Bishop New Criminal Procedure, p. 1687.

The other defendant, Curtis Gentry, besides raising the two questions which are above raised on behalf of Kate Hauser, insisted there was no evidence in the case that he receivd the diamond knowing it to be stolen; but there was evidence, if believed, from which it appears clearly that

Kate Hauser carried the brooch to Curtis Gentry's house. She was a colored nurse, and the testimony is that the brooch was worth about $600. He sold it for $50. The testimony is that she spent the night at his house and the next morning the brooch was missing. Kate Hauser testified that he stole it from her. The conflict in the evidence on this point is not material, for whether he received it to sell for her, knowing it to have been stolen, or stole it from Kate Hauser, he evidently knew that she had obtained the brooch unlawfully, and it could be charged either as her property or as the property of the true owner. Wharton, sec. 1825; *Ward v. People,* 3 Hill, 396, both cited in *S. v. Wincroft,* 76 N. C., 40. Being the same article, the larceny or receiving was against the rights of the owner, and could be charged as parts of the same illegal asportation in the same bill.

There are some other exceptions, but we do not think that they present questions that require discussion. We have, however, fully examined them, and after hearing the learned argument of the counsel, we find

No error.