STATE OF NORTH CAROLINA v. VINSON PRESTON HARRIS

No. 7726SC751

(Filed 21 February 1978)

1. **Larceny § 4— larceny by trick—indictment**
      Where an indictment charged defendant with the larceny of two diamond rings from a store and the State's evidence tended to show that defendant was wearing one ring which had been given to him by a store clerk when he grabbed the second ring and ran from the store, the indictment was not defective in failing to charge larceny "by trick" of the ring he was wearing, since larceny "by trick" is not a crime separate and distinct from common law larceny, and it is not necessary that a larceny indictment allege the manner in which the stolen property was taken and carried away.

2. **Larceny § 7.2— variance—description of property**
      There was no material variance between an indictment charging larceny of a gold ring with nine diamonds and proof that the ring was a gold ring with a cluster of large diamonds.

3. **Criminal Law § 113.1— summary of evidence of State and of defendant—failure to use similar introductions**
      The trial judge did not express an opinion when he introduced his summary of the State's evidence by stating that "the State has offered evidence which in substance tends to show and which the State contends does show . . ." while failing to use similar phraseology in introducing his summary of defendant's evidence.

APPEAL by defendant from *Grist, Judge*. Judgment entered 31 March 1977, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 January 1978.

Defendant was charged with (1) felonious larceny of two diamond rings and (2) assault with a deadly weapon, was found guilty of both offenses as charged, and appeals from consolidated judgment imposing a prison sentence of 5 to 7 years. The State's evidence tended to show defendant entered a jewelry store and asked the manager to show him a diamond ring. He put one ring on his finger, grabbed another, and ran. The manager and two others pursued, and defendant turned around and swung a penknife at one of them. Defendant was captured in the chase. The rings, valued at $1250, were not recovered.

The only defense witness was the defendant, who testified that he did not enter the jewelry store but was in the shopping

mall when someone ran by, and that he panicked and ran when someone tried to grab him.

*Attorney General Edmisten by Assistant Attorney General Ralf F. Haskell for the State.*

*Jeffrey L. Bishop for defendant appellant.*

CLARK, Judge.

[1]   The indictment charged in one count the larceny of one diamond ring with nine diamonds and one diamond ring with five diamonds. The State offered evidence that the store clerk gave to the defendant and defendant was wearing the ring with a cluster of larger diamonds when he grabbed the five-diamond ring and ran from the store. Defendant argues that the indictment was defective in that it failed to charge "larceny by trick" of the ring he was wearing. The argument lacks merit. There was no actual trespass in the taking of the second ring, but there was a technical trespass when defendant got possession of the ring by trick or artifice. *State v. Bowers,* 273 N.C. 652, 161 S.E. 2d 11 (1968); *State v. Griffin,* 239 N.C. 41, 79 S.E. 2d 230 (1953).

"Larceny by trick" is not a crime separate and distinct from common law larceny, but the term is often used to describe a larceny when possession was obtained by trick or fraud. It is not necessary that the manner in which the stolen property was taken and carried away be alleged, and the words "by trick" are not required in an indictment charging larceny. *State v. Lyerly,* 169 N.C. 377, 85 S.E. 302 (1915).

Where the evidence tends to show that a defendant charged with larceny took or obtained possession of the property by trick or fraud, the burden is on the State to prove that defendant had a felonious intent at the time he took or got possession by trick or fraud. *State v. Bowers, supra.*

The case law has not been changed by G.S. 15A-924(a)(5) (effective 1 July 1975) which supplanted old G.S. 15-143 and dispenses with alleging means and methods by which an offense was committed. If a defendant desires additional information, G.S. 15A-952(b)(6) provides for a motion for bill of particulars under the provisions of G.S. 15A-925.

[2] Nor do we find merit in defendant's claim that there was a material variance in charge and proof because the indictment alleged a ring with nine diamonds and there was proof that it was a gold ring with a cluster of larger diamonds. In *State v. Hauser*, 183 N.C. 769, 111 S.E. 349 (1922), the indictment alleged larceny of one diamond but there was proof of theft of a brooch in which a diamond was inset surrounded by smaller diamonds and pearls. The court held that the variance was not material, adding "If the defendant stole the diamond, it makes no difference whether it was attached to the brooch or in a bag or box or lying about loose." 183 N.C. at 770, 111 S.E. at 350. In the case *sub judice* the variance was not as marked as that in *Hauser*, and we find the variance was not material.

We note that the indictment charged only one count of larceny for both rings, and all of the evidence tended to show that the value of the ring with five diamonds (so described in the charge and the proof) was $550, a value well above the minimum $200 value for felony larceny under G.S. 14-72. The larceny of this ring (the one that he grabbed from the counter) alone would have supported the verdict and judgment.

[3] The trial judge introduced his summary of the State's evidence by stating, "[T]he State has offered evidence which in substance tends to show and which the State contends does show, . . ." The judge did not use similar phraseology in introducing his summary of defendant's evidence. We do not find that this introductory diversity could have been considered by the jury as an expression of opinion in violation of G.S. 1-180, and there was no harmful error.

There was no evidence to support a charge on self-defense, and the trial court did not err in failing to instruct on self-defense.

The defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and MITCHELL concur.