IN THE MATTER OF JOSEPH A. MEAUT AND JOHN R. MOTT

No. 8012DC954

(Filed 3 March 1981)

**Infants § 18– juvenile delinquency proceeding – insufficiency of evidence**

The juvenile court erred in denying respondents' motions to dismiss for insufficiency of the evidence to sustain an adjudication of delinquency where respondents were accused of damaging automobiles being transported by rail by throwing rocks at the automobiles, but the State failed to introduce evidence tending to establish that the cars were owned by someone other than respondents, or that injury to the cars was inflicted by respondents.

APPEAL by juveniles from *Guy, Judge.* Orders entered 29 July 1980 in District Court, CUMBERLAND County. Heard in the Court of Appeals 11 February 1981.

Juvenile petitions were filed in Cumberland County District Court alleging that each respondent is a delinquent child as defined by G.S. 7A-278(2) in that on or about 15 May 1980 each "did unlawfully, wilfully and wantonly injure a Ford truck ... and a Ford Fiesta [sic] ... the property of Seaboard Coast Line Railroad Company, by damaging and vandali[z]ing said property" in violation of G.S. 14-160. The estimated value of the damage was alleged as $299.14.

Evidence presented by the State at the adjudication hearing tended to show the following:

C.S. Massengill, a special agent for the Seaboard Coast Line Railroad, had the duty to protect the railroad's property. On 15 May 1980, in the performance of this duty, he went to an area beside some railroad tracks just south of Hope Mills, North Carolina, where the company had "had trouble." He saw the juvenile respondents in this area. When a train approached, the respondents "stopped short and waited on the train." When the train began passing through the area, respondents "just flicked some rocks at it, nothing serious." When railroad cars carrying a load of automobiles started coming by, however, "the boys were observed bending down and throwing several objects at the cars as they came by." The witness "heard several objects hit the automobiles." When the automobiles were inspected subsequently, "there was a large rock dent in the left fender of the Ford pickup ... and the lower left windshield of the Ford Fiesta ... was broken."

Respondents offered no evidence.

The juvenile court entered orders adjudicating respondents delinquent and placing them on probation for a period of one year. From these orders, respondents appeal.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Paul F. Herzog, Assistant Public Defender, Twelfth Judicial District, for juvenile appellants.*

WHICHARD, Judge.

In re Meaut

Respondents contend the juvenile court erred in denying their motions to dismiss for insufficiency of the evidence to sustain an adjudication of delinquency. We are constrained to agree.

The juvenile petitions charged respondents with violation of G.S. 14-160 which, in pertinent part, provides: "[I]f any person shall wantonly and wilfully injure the personal property of another, causing damage in an amount in excess of two hundred dollars ($200.00), he shall be guilty of a misdemeanor...." G.S. 14-160(b) (1969). Proof of four elements appears essential to sustain an adjudication of delinquency under this section: (1) that personal property was injured; (2) that the personal property was that "of another," *i.e.*, someone other than the person or persons accused; (3) that the injury was inflicted "wantonly and wilfully"; and (4) that the injury was inflicted by the person or persons accused.

The North Carolina Juvenile Code gives respondents in juvenile adjudication hearings, with certain exceptions not pertinent here, "all rights afforded adult offenders." G.S. 7A-631(1979). The juvenile respondents thus are entitled to have the evidence presented in their adjudicatory hearing evaluated by the same standards as apply in criminal proceedings against adults. So evaluated, we find that the evidence here fails to establish the second of the above elements. The record is devoid of evidence as to the ownership of the automobiles allegedly damaged. While we intuitively perceive that the juvenile respondents did not hold title, our intuitive perceptions cannot rise to the status of evidence. Where, as here, no evidence of ownership is presented, the State has failed to present "substantial evidence of all material elements of the offense charged" as it is required to do "to withstand a motion [to dismiss]." *State v. Evans* and *State v. Britton* and *State v. Hairston,* 279 N.C. 447, 453, 183 S.E. 2d 540, 544 (1971).

The evidence also fails to establish the fourth element. The testimony of the State's witness tended to show that the train in question was en route from Rocky Mount to Hope Mills. The witness testified: "I did not personally inspect the cars in Rocky Mount. A member of our department told me that the cars were in good shape when they were in Rocky Mount." This testimony was properly stricken, upon respondents' motion, as hearsay.

Without this testimony there was no evidence before the court as to the condition of the automobiles prior to their arrival at the *locus in quo*, and such evidence was an essential foundation to a permissible inference that the damage resulted from the acts of respondents rather than from some other cause.

Because of the State's failure to introduce evidence tending to establish that the cars were "the personal property of another" and that the injury to the cars was inflicted by respondents, the record does not contain the "substantial evidence of all material elements of the offense [necessary] to withstand the motion to dismiss." *State v. Stephens*, 244 N.C. 380, 383, 93 S.E. 2d 431, 433 (1956); *see also, State v. Lanier*, 50 N.C. App. 383, 273 S.E. 2d 746 (1981); *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). The adjudication and disposition orders are therefore vacated, and the cause is remanded to the District Court for entry of judgments of dismissal.

Vacated and remanded.

Judges MARTIN (Robert M.) and WEBB concur.