State v. Robertson

---

STATE OF NORTH CAROLINA v. RONNIE WAYNE ROBERTSON

No. 8114SC805

(Filed 2 February 1982)

1. **Larceny § 7.5— larceny by trick—failure to instruct proper**

In a prosecution for "larceny from the person," the trial court properly failed to instruct on "larceny by trick" as the State's evidence tended to show felonious larceny from the person and defendant's evidence tended to show that he obtained $100 from his victim by fraud or false pretense, neither of which would permit the jury to find him guilty of larceny by trick.

2. **Criminal Law § 86.5— impeachment of defendant—questions concerning collateral matters proper**

In a prosecution for larceny from the person, where defendant denied having stolen the money from the victim but instead asserted that the money was given him in exchange for a pound of marijuana, he failed to show questions by the district attorney on cross-examination asking defendant whether he had sold drugs and stolen a diamond ring were asked in bad faith.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 3 April 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals on 12 January 1982.

Defendant was charged in a proper bill of indictment with the larceny of "$100.00 in Currency, from the possession and from the person of Ralph McCoy without his consent." Upon the defendant's plea of not guilty the State offered evidence tending to show that defendant and his girlfriend got into a taxicab driven by McCoy at a bus station in Durham and McCoy drove them to Holloway Street. The defendant "jerked" $100 in currency from McCoy's hand and ran. McCoy testified: "When I pulled the money out, he took and jerked it out of my hand . . . . He grabbed the money and he ran into the store."

Defendant offered evidence tending to show that McCoy asked the defendant if he could get him a "pound of grass." The defendant agreed to sell McCoy a pound of marijuana for $100. After they got to Holloway Street, the defendant paid McCoy the taxi fare and McCoy left and returned in ten minutes, as instructed by defendant, to pick up the "grass." The defendant sold McCoy a pound of "yard grass." The defendant testified:

> [H]e came back and I had the grass in a bag. I gave it to him and he gave me the money. He gave me a hundred dollars. It was in tens. It was in a brown paper bag from Winn-Dixie. The exchange took place beside the produce stand. . . .
>
> Inside the paper bag was the yard grass and pot. Yard grass more or less. It wasn't really marijuana, to tell you the truth. It was yard grass.

The defendant was found guilty as charged and from a judgment imposing a prison sentence of eight years maximum, eight years minimum, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney Steven F. Bryant, for the State.*

*Clayton & Myrick, by Jerry B. Clayton, Robert D. McClanahan, and Ronald G. Coulter, for the defendant appellant.*

HEDRICK, Judge.

[1] Defendant contends in his first argument that

> [t]he Trial Court committed reversible error by instructing the Jury on larceny from the person, a felony, and failing to instruct on what is often called larceny "by trick," which is a misdemeanor when involving less than four hundred dollars ($400.00) under NC GS Section 14-72.

Citing *State v. Harris*, 35 N.C. App. 401, 241 S.E. 2d 370 (1978), defendant asserts that "larceny by trick" is not a separate and distinct offense from common law larceny. He further reasons, citing *State v. Bowers*, 273 N.C. 652, 161 S.E. 2d 11 (1968), that "larceny by trick" of property having a value of less than $400 is a misdemeanor and a lesser included offense of "larceny from the person."

The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor.

*State v. Hicks*, 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954). Assuming arguendo that "larceny by trick" of property having a value of less than $400 is a misdemeanor, and a crime of lesser degree than "larceny from the person," the defendant's first argument must fail simply because there is no evidence in this record that the defendant was guilty of misdemeanor *larceny* by trick or otherwise. The State's evidence tended to show felonious larceny from the person, a felony. Defendant's evidence tended to show that the defendant sold McCoy a pound of "yard grass." In 50 Am. Jur. 2d Larceny § 29 (1970), we find the following:

> When, in addition to possession, the owner voluntarily passes title as well to the alleged thief, not expecting the property to be returned to him or to be disposed of in accordance with his directions, it is well established that the taking in such case involves no trespass and that the taker is not guilty of larceny, and this is true even where the owner is induced to part with the title through the fraud and misrepresentation of the alleged thief. Although the acts of the perpetrator of the fraud may be criminal in such a case, they constitute some other crime than common-law larceny, such as swindling or obtaining property by false pretenses
> . . . .

While the defendant's evidence may tend to show that he obtained $100 from his victim by fraud or false pretense, his evidence would not permit the jury to find him guilty of larceny because the defendant's evidence discloses no trespass, actual or constructive.

[2] The defendant next argues the court erred to his prejudice by allowing the district attorney to ask him on cross examination whether he had sold drugs and stolen a diamond ring. The applicable rule with respect to such cross examination of the defendant is set out in *State v. Williams*, 279 N.C. 663, 675, 185 S.E. 2d 174, 181 (1971) as follows:

It is permissible, for purposes of impeachment, to cross-examine a witness, including the defendant in a criminal case, by asking disparaging questions concerning collateral matters relating to his criminal and degrading conduct. [Citations omitted.] Such questions relate to matters *within the knowledge of the witness*, not to accusations of any kind made by others. We do not undertake here to mark the limits of such cross-examination except to say generally (1) the scope thereof is subject to the discretion of the trial judge, and (2) the questions must be asked in good faith.

In the present case three of the questions related to whether the defendant had sold marijuana. Defendant argues that these questions were asked in bad faith. The defendant testified in his own defense that he did not take the $100 from McCoy, but that he sold him what McCoy thought to be marijuana. Obviously the State had good reason to cross examine the defendant about his selling marijuana, and clearly these questions were not asked in bad faith. With respect to the one question as to whether the defendant had stolen a diamond ring, the record is silent as to whether the district attorney had any information about such an act. The burden is on the defendant on appeal to affirmatively show that the question was asked in bad faith, and this he has failed to do. This assignment of error has no merit.

We hold the defendant had a fair trial free of prejudicial error.

No error.

Judges HILL and BECTON concur.