IN THE MATTER OF: ANGELA GLENN

No. 8427DC505

(Filed 5 March 1985)

**Infants § 18— delinquency based on misdemeanor larceny—insufficient evidence**

In a juvenile delinquency proceeding based upon misdemeanor larceny, the evidence was inadequate to withstand respondent's motion to dismiss where the evidence showed only that a classmate of respondent removed a diamond ring to wash her hands in shop class on a Thursday, respondent had momentary custody of the ring, and the ring was not in respondent's possession or in the shop class on the following Tuesday. G.S. 7A-517(12); G.S. 14-72(a).

APPEAL by juvenile from *Ramseur, Judge* (adjudication) and *Bulwinkle, Judge* (disposition). Adjudication and disposition orders entered 15 December 1983 and 20 February 1984 respectively in District Court, GASTON County. Heard in the Court of Appeals 6 February 1985.

A juvenile petition alleged that respondent is a delinquent juvenile as defined by G.S. 7A-517(12) in that on or about 10 November 1983 she "did unlawfully and willfully steal, take and carry away one (1) diamond cluster ring, the personal property of Lou Ann Goforth, with the intent to permanently deprive the owner of the use thereof," in violation of G.S. 14-72(a). The value of the property was alleged as $238.16.

Evidence presented by the State at the adjudication hearing tended to show the following:

Lou Ann Goforth and respondent attended the same junior high school and were classmates in a shop class. Goforth normally wears a diamond ring to school. On 10 November 1983, a Thursday, Goforth was cleaning her hands in shop class. She let respondent see her ring and respondent was holding the ring when Goforth finished washing her hands. They were not alone in the room. The bell rang and everyone left. Goforth first became aware the ring was missing when she got in her car to leave school. She did not return to the room to look for the ring. She did not look for it the following day, a teacher workday, or over the weekend. The following Monday respondent was absent. Goforth questioned respondent on Tuesday and respondent told her she did not have the ring.

Due to a defect in the tape recording, the evidence is unclear as to the number of students in the shop class, when Goforth spoke to someone in authority about the ring, and whether she visited respondent's home concerning the ring.

Respondent testified that she looked at the ring, which was similar to a ring belonging to her aunt, but did not touch it or take it. She further testified that she was at home sick on the following Monday.

The court adjudicated respondent delinquent and placed her on probation for a year. Respondent appeals.

*Attorney General Edmisten, by Assistant Attorney General Steven Mansfield Shaber, for the State.*

*Rebecca Kay Killian, Assistant Public Defender, for juvenile appellant.*

WHICHARD, Judge.

Respondent contends the court erred in denying her motion to dismiss for insufficiency of the evidence to sustain an adjudication of delinquency. We agree.

The juvenile petition charged respondent with violation of G.S. 14-72(a), misdemeanor larceny. To sustain an adjudication of delinquency under this section the State must show a wrongful taking and carrying away of the personal property of another without her consent and with intent to permanently deprive the owner. *State v. Bowers*, 273 N.C. 652, 655, 161 S.E. 2d 11, 14 (1968). Larceny involves a trespass, either actual or constructive. *Id.* Custody is not a bar to the elements of trespass or intent to deprive. One with custody may commit larceny where she subsequently forms the intent to, and does, convert such property. *50 Am. Jur. 2d Larceny* Sec. 89 at 264 (1970). *See State v. Tilley*, 239 N.C. 245, 249, 79 S.E. 2d 473, 476 (1954). The trespass in that case is at the time of conversion. *50 Am. Jur. 2d Larceny* Sec. 89 at 263.

With certain exceptions the North Carolina Juvenile Code gives respondent "all rights afforded adult offenders." G.S. 7A-631; *In re Meaut*, 51 N.C. App. 153, 155, 275 S.E. 2d 200, 201 (1981). Respondent thus is entitled to have the evidence evaluated by the same standard that governs a criminal proceeding against an adult. *Id.*, 275 S.E. 2d at 201-02.

When a defendant moves for dismissal, the court is to determine whether there is substantial evidence of each element of the offense charged and of the identity of defendant as the perpetrator. *State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E. 2d 649, 651 (1982). Substantial evidence is evidence a reasonable person might accept as adequate to support a conclusion. *Id.* at 66, 296 S.E. 2d at 652. "If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion to dismiss should be allowed. (Citation omitted.) This is true even though the suspicion so aroused by the evidence is strong." *Id.*

Applying these principles to the evidence, viewed in the light most favorable to the State, we conclude that the evidence raises a suspicion of respondent's guilt, but nothing more. Goforth testi-

fied that she "didn't see [respondent] put [the ring] in her pocket or anything like that." Rather, she stated,

> I had [the ring] in my hand and [respondent] was saying she had a ring something like it. She started looking at it and the bell rang and we all left. . . . I just didn't think of [the ring]; I was in a hurry when I left. I didn't go back into the room and look for the ring. . . . I didn't go back during teacher's workday to look for it. . . . I never saw [respondent] wear a ring like mine.

This evidence shows only that Goforth removed the ring to wash her hands in shop class on a Thursday, respondent had momentary custody of the ring, and the ring was not in respondent's possession or in the shop class on the following Tuesday. While custody does not bar a finding of the wrongful taking and carrying away necessary to prove larceny, *see* 50 Am. Jur. 2d *Larceny* Sec. 89 at 263, custody is not in itself evidence of any element of the crime. It is not enough to defeat the motion for dismissal for the evidence to establish that respondent had an opportunity to commit the crime charged. *State v. Cutler*, 271 N.C. 379, 383, 156 S.E. 2d 679, 682 (1967); *State v. White*, 293 N.C. 91, 96, 235 S.E. 2d 55, 59 (1977). The evidence here shows only that respondent had an opportunity to commit the crime. It is thus inadequate to withstand the motion to dismiss.

The adjudication and disposition orders are therefore vacated and the cause is remanded for entry of a judgment of dismissal.

Vacated and remanded.

Judges BECTON and EAGLES concur.