STATE OF NORTH CAROLINA v. BARBARA KELLY

No. 8429SC1021

(Filed 2 July 1985)

**1. Constitutional Law § 34— indictment for larceny dismissed—subsequent indictment for obtaining property by false pretenses—no double jeopardy**

   Defendant was not subjected to double jeopardy where an indictment for larceny of an automobile was dismissed and defendant was subsequently indicted and convicted of obtaining property by false pretenses. The factor of an intentionally false and deceptive representation of a fact or event is an element of obtaining property by false pretenses but not of larceny; similarly, a key element of larceny is that the property be wrongfully taken without the owner's consent. G.S. 14-100, North Carolina Constitution, Art. I, § 17, U. S. Constitution, Amendments V and XIV.

**2. False Pretense § 2.1— indictment sufficient—passage of title not a requisite element**

   The passage of title is not a requisite element of obtaining property by false pretenses and the trial judge did not err by refusing to dismiss an indictment which did not allege that title passed. G.S. 14-100.

**3. False Pretense § 3.2— instruction on larceny not given—no error**

   The trial court did not err in a prosecution for obtaining property by false pretenses by refusing to charge the jury on the crime of larceny. G.S. 14-100(a) requires the instruction only when there is evidence from which the jury could find that the crime was committed.

**4. False Pretense § 3— obtaining automobile by false pretenses—telephone conversation with dealer properly admitted**

   The trial court in a prosecution for obtaining an automobile by false pretenses did not err by admitting a telephone conversation between the witness and "Clyde Horton" where the witness, an employee of an automobile dealership, relied on the conversation in allowing defendant to take a car. The testimony was admitted to explain the witness's actions and the jury was instructed on the limited purpose of the evidence.

**5. False Pretense § 3; Criminal Law § 86.1— defendant cross-examined about prior acts of misconduct—no error**

   There was no abuse of discretion in an action for obtaining property by false pretenses where the trial judge allowed the State to cross-examine defendant about prior acts of misconduct. The questions concerned only prior instances of misconduct by defendant and the prosecution indicated its good faith basis for its inquiries by producing a police report discussing the bad acts in question.

**6. Criminal Law § 138— aggravating factor—record insufficient for review**

   Defendant did not meet her burden of showing that the trial judge improperly found as an aggravating factor that defendant committed the offense

of obtaining property by false pretenses while on pretrial release on another felony charge where defendant did not place in the record sufficient portions of the trial transcript to enable the court to review the assignment of error.

APPEAL by defendant from *Davis, Judge*. Judgment entered 25 May 1984, in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 4 April 1985.

*Attorney General Lacy H. Thornburg by Associate Attorney Augusta B. Turner for the State.*

*Robert G. Summey for defendant appellant.*

COZORT, Judge.

Defendant Barbara Kelly was indicted for larceny of an automobile from dealer McCurry-Deck, Inc. At the close of the State's evidence, the trial judge dismissed the charge because the crime was not alleged to have occurred without the owner's consent. Defendant was subsequently indicted for obtaining property by false pretenses, tried by a jury, and convicted. After finding that the aggravating factors outweighed the mitigating factors, the trial court sentenced the defendant to seven years' imprisonment. Defendant's major assignments of error on appeal concern the subsequent indictment for obtaining property by false pretenses, the admission into evidence the substance of a telephone conversation by the prosecuting witness, and the trial judge's charge to the jury. We hold that defendant's trial was free of prejudicial error.

On 12 July 1983, Raymond Rose, an employee of McCurry-Deck, Inc., an automobile dealership, received a phone call from a man who identified himself as Clyde Horton and made inquiries into purchasing a Pontiac TransAm. After Rose described the car and suggested his selling price, Horton told Rose he would send his wife to the dealer to test drive the car, and that if she liked it, he would then purchase the car later that day.

Subsequently, a woman, who Rose identified as the defendant, Barbara Kelly, arrived at the dealership, identified herself as Mrs. Horton, and said that her husband had called earlier about a TransAm. Rose gave her the key, and the woman drove the car away. Since that date, neither Rose nor any employee of McCurry-Deck has seen the car.

[1] Defendant's primary contention is that under the present facts, the crimes of larceny and of obtaining property by false pretenses are indistinguishable, and therefore the issuance of the second indictment and her trial, after the dismissal of the larceny charges, constitutes double jeopardy in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. I, Sec. 17 of the N.C. Constitution. In *State v. Bullin,* 34 N.C. App. 589, 591-92, 239 S.E. 2d 278, 280 (1977), this Court stated:

> It is a well settled rule in North Carolina that "the two prosecutions must be for the same offense — *the same both in law and in fact* — to sustain the plea of former conviction." [Citation omitted.] "[I]f proof of an additional fact is required in the one prosecution, which is not required in the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same, and the plea of former jeopardy cannot be sustained." [Citation omitted.]

A comparison of the elements of the crimes of larceny and obtaining property by false pretenses reveals that these crimes are separate and distinguishable offenses. Therefore, the defendant's argument is without merit.

The crime of larceny is a common law offense. To support a conviction for larceny, the State must prove:

(1) a wrongful taking and carrying away of the personal property of another

(2) without his consent

(3) done with the felonious intent to deprive the owner of his property, and

(4) to appropriate it to the taker's use fraudulently.

*State v. Watts,* 25 N.C. App. 194, 212 S.E. 2d 557 (1975). *See also, State v. Perry,* 305 N.C. 225, 287 S.E. 2d 810 (1982).

Unlike larceny, the crime of obtaining property by false pretenses is statutory. G.S. 14-100. The Supreme Court of North Carolina has interpreted G.S. 14-100 to require proof of four elements:

(1) a false representation of a subsisting fact or a future fulfillment or event

(2) which is calculated and intended to deceive

(3) which does in fact deceive and

(4) by which one person obtains or attempts to obtain value from another.

*State v. Cronin*, 299 N.C. 229, 262 S.E. 2d 277 (1980).

A key element of obtaining property by false pretenses is that an intentionally false and deceptive representation of a fact or event has been made. If this factor is not present, then there can be no conviction for violation of G.S. 14-100. A false and deceptive representation is not an element of larceny. Thus, the defendant's plea of double jeopardy cannot be sustained.

Similarly, a key element of larceny is that the property be wrongfully taken without the owner's consent. If the property was initially obtained with the consent of the owner, then there can be no larceny. The lack of this element was precisely the basis on which the trial judge dismissed the larceny charge against the defendant in the first trial.

[2] Defendant does not assert that larceny by trick is separable from or a lesser included offense of larceny. The defendant also contends that the second indictment was improperly issued because the crucial distinction between larceny and obtaining property by false pretenses is whether title has passed from the owner to the perpetrator. Because no passage of title was alleged in this case, the defendant reasons that the two crimes under the present facts are inseparable. We find this argument to be wholly without merit.

G.S. 14-100 is a carefully drawn statute charging a particular violation with specificity; in 1975, the range of offenses was broadened to cover not only false representations of subsisting facts but also of *future* events or fulfillments, and was extended to include *attempts* to obtain property by false pretenses. Nowhere does the statute or our case law prescribe or imply passage of title as a requisite element of the offense.

In a similar sense, but as an alternative argument, the defendant, in relying on the distinction of passage of title, claims that because the indictment for obtaining property by false pretenses does not allege that title passed, it is therefore faulty and

the trial judge erred when he refused to dismiss the indictment. However, the plain language of the statute requires no such allegation:

> [I]t shall be sufficient in any indictment for obtaining . . . property . . . by false pretenses to allege that the party accused did the act with intent to defraud . . . without alleging any ownership of the . . . property. . . .

G.S. 14-100(a). *See also State v. Cronin, supra,* at 242, 262 S.E. 2d at 286. For this reason and for those discussed above, we hold the trial court properly refused to dismiss the indictment.

[3] Next, the defendant assigns as error the trial judge's refusal upon her request to charge the jury on the crime of larceny. G.S. 14-100(a) states: "[I]f, on the trial of anyone indicted for [a crime under this statute], it shall be *proved* that he obtained the property in such manner as to amount to larceny or embezzlement, the jury shall have submitted to them such other felony *proved* . . . ." (Emphasis added.) The necessity for instructing the jury arises when and only when there is evidence from which the jury could find that the crime was committed. The presence of such evidence is the determinative factor. *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954). In the case *sub judice,* there was no evidence on which the jury could find that the defendant obtained the car without the owner's consent, an essential element of larceny. We hold, therefore, that the trial court properly refused to give the requested larceny charge to the jury.

[4] Defendant's next assignment of error is the admission into evidence of the telephone conversation between the witness Raymond Rose and "Clyde Horton." Defendant argues that the contents of that conversation is inadmissible hearsay. The evidence was necessary in order to establish that the car was obtained by false pretenses. Hearsay is defined as (1) an out-of-court statement (2) offered for proof of the matter asserted. *Financial Corp. v. Transfer, Inc.,* 42 N.C. App. 116, 256 S.E. 2d 491 (1979). However, evidence that may otherwise be inadmissible as hearsay may nonetheless be introduced for a non-hearsay purpose. The particular purpose in the instant case was to explain Rose's subsequent conduct in allowing the defendant to take the car after receiving the phone call from Horton. There is ample authority to support admissibility for this purpose. *See State v. Tate,* 307 N.C.

242, 297 S.E. 2d 581 (1982); *State v. White*, 298 N.C. 430, 259 S.E. 2d 281 (1979). In addition, the trial judge exercised sound precaution by instructing the jury as to the limited purpose of the evidence. We hold the trial court properly admitted this evidence.

[5] Defendant next contests the scope allowed the State during its cross-examination of the defendant. In particular, the defendant objects to the State's questions concerning the defendant's prior commission of specific acts of misconduct. In *State v. Williams*, 279 N.C. 663, 675, 185 S.E. 2d 174, 181 (1971), the Supreme Court emphasized that

> [i]t is permissible, for purposes of impeachment, to cross-examine a witness, including the defendant in a criminal case, by asking disparaging questions concerning collateral matters relating to his criminal and degrading conduct. [Citations omitted.] Such questions relate to matters *within the knowledge of the witness*, not to accusations of any kind made by others. We do not undertake here to mark the limits of such cross-examination except to say generally (1) the scope thereof is subject to the discretion of the trial judge, and (2) the questions must be asked in good faith.

Our examination of the record reveals no abuse of discretion by the trial judge in allowing the inquiry since the State's questions concerned only prior instances of misconduct by the defendant. Further, the prosecution indicated to the trial court its good-faith basis for its inquiries by producing a police report discussing the bad acts in question. This assignment of error is without merit and therefore overruled.

[6] Finally, the defendant contends that the trial judge improperly found as an aggravating factor that the defendant committed the offense of obtaining property by false pretenses while on pretrial release on another felony charge. However, the defendant has failed to place in the record adequate portions from the trial transcript to enable us to review this assignment of error. Previously, in the guilt phase of the defendant's trial, the State attempted to impeach the defendant by bringing out the fact that she had stolen a car in Florida. The Florida felony charge formed the basis for the finding of this aggravating factor. A PIN report dealing with the Florida felony charge was presented to the court. At the point in the record where the relevant

information on this aggravating factor would have logically been located, only the following appears:

> [Prosecutor]: No convictions, but I would like to state for the Court what came out here in the trial of the. . . .

Nothing else appearing to support her contention, we hold the defendant has failed to meet her burden of showing that the trial court improperly found this aggravating factor. An appellate court cannot assume or speculate that error occurred when none appears in the record before them. *State v. Alston*, 307 N.C. 321, 298 S.E. 2d 631 (1983). This assignment of error is overruled.

Upon review of the record and for reasons stated herein, we find defendant's further assignments of error are without merit and hereby hold that the indictment, trial, conviction, and sentencing of defendant Barbara Kelly for obtaining property by false pretenses in violation of G.S. 14-100 were free of prejudicial error.

No error.

Judges ARNOLD and PHILLIPS concur.