STATE OF NORTH CAROLINA v. JEFFREY SCOTT BARBOUR

No. COA01-1320

(Filed 15 October 2002)

**Larceny— by trick—test driving automobile**

The trial court did not err by denying defendant's motion to dismiss a charge of felonious larceny of a motor vehicle and by instructing the jury on larceny by trick where defendant was given permission to take a truck for a test drive but was not given permission to keep the truck, defendant did not return the truck by the time he was expressly told to do so, defendant was discovered driving the truck several days later, and there was evidence that defendant had been convicted of similar crimes. Larceny by trick is not distinct from common law larceny, it is not necessary for the State to allege the manner in which the stolen property was taken and carried away, and the words "by trick" need not be found in an indictment charging larceny.

Appeal by defendant from judgment entered 3 May 2001 by Judge Preston Cornelius in Richmond County Superior Court. Heard in the Court of Appeals 15 August 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.*

*Michael J. Reece for defendant-appellant.*

THOMAS, Judge.

Defendant, Jeffrey Scott Barbour, was found guilty of felonious larceny of a motor vehicle and pled guilty to being an habitual felon. He was sentenced to a term of 168 to 211 months imprisonment. He now appeals.

Defendant contends the trial court erred in denying his motions to dismiss the charge of felonious larceny of a motor vehicle because

the evidence shows he initially obtained possession with the consent of the owner. Defendant also contends the trial court erred in instructing the jury on "larceny by trick." We find no error.

The State's evidence tends to show that on 27 September 2000 defendant went to C&W Auto Sales in Rockingham, North Carolina. He asked Robert Coble, one of the dealership's owners, if he could test drive a 1992 Isuzu Pup truck which was for sale. Defendant told Coble he was the nephew of Wilson and Alice Thomas, who were acquaintances of Coble. Coble, who thought highly of the Thomases, allowed defendant to test drive the truck without supervision. Defendant, however, was only given permission to "drive [the truck] down the street."

Approximately an hour later, he telephoned Coble. Defendant claimed he was at the bank inquiring about a loan to purchase the truck. Coble told defendant it would be too late to close the deal that day since both C&W Auto Sales and the Division of Motor Vehicles office closed at 5:00 p.m. Coble also told defendant to return the truck to C&W Auto Sales by 5:00 p.m.

When defendant failed to return the truck by 5:00 p.m., Coble contacted Alice Thomas. After Coble's conversation with Thomas, Coble's business partner called the police and reported the truck stolen. Two days later, Coble went to the police station and identified defendant in a photographic lineup as the one who had taken the Isuzu Pup truck.

On 1 October 2000, Deputy Creed Freeman of the Richmond County Sheriff's Department spotted defendant driving the truck. Freeman, knowing the truck was stolen, pursued defendant. By the time Freeman caught up to the truck, it was pulled over and defendant was missing. The only person in the truck was a female who was lying in the seat. Defendant was not found that night but was subsequently arrested on 19 October 2000.

At the close of the State's evidence, defendant made a motion to dismiss for insufficiency of the evidence. The trial court denied the motion. Defendant did not present any evidence and renewed his motion to dismiss. Again, it was denied. Defendant appeals.

A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998).

The essential elements of larceny are: (1) the taking of the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to permanently deprive the owner of the property. *State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982). When the property has a value of more than one thousand dollars ($1,000), the larceny is a Class H felony. N.C. Gen. Stat. § 14-72(a) (2001).

Defendant concedes there is substantial evidence that he took the property of another, carried it away and intended to permanently deprive the owner of its use. It is undisputed that the truck was valued at more than $1,000. However, since the owner of the truck gave him the keys and allowed him to drive the truck off the lot, defendant contends the State has failed to show he took the truck without the owner's consent.

In support of his argument, defendant relies on this Court's decision in *State v. Kelly*, 75 N.C. App. 461, 331 S.E.2d 227 (1985). In *Kelly*, the Court addressed whether the defendant was subjected to double jeopardy where an initial indictment for larceny of an automobile was dismissed and the defendant subsequently was indicted and convicted of obtaining property by false pretenses based on the same set of facts. The Court ruled it did not constitute double jeopardy because the two crimes are separate and distinguishable offenses, each having an essential element that the other does not. *Id.* at 463-64, 331 S.E.2d at 229-30. In reaching its decision, the Court stated the following about the elements of larceny:

> [A] key element of larceny is that the property be wrongfully taken without the owner's consent. If the property was initially obtained with the consent of the owner, then there can be no larceny.

*Id.* at 464, 331 S.E.2d at 230. Defendant relies on this statement to support his contention in the instant case that the State failed to prove the property was taken without the owner's consent. We find defendant's reliance on *Kelly* misplaced.

In *Kelly*, the Court was not asked to address the question raised here—the sufficiency of the evidence of larceny. The Court did not address the application of the elements of larceny in a situation where the property was obtained by trick or fraud; instead, it merely determined the issue of double jeopardy. Accordingly, *Kelly* is not controlling in the instant case.

Larceny involves a trespass, either actual or constructive. *See State v. Bowers*, 273 N.C. 652, 655, 161 S.E.2d 11, 14 (1968); *In re Glenn*, 73 N.C. App. 302, 304, 326 S.E.2d 646, 647 (1985). " 'The taker must have had the intent to steal at the time he unlawfully takes the property from the owner's possession by an act of trespass.' " *Bowers*, 273 N.C. at 655, 161 S.E.2d at 14 (quoting *State v. Griffin*, 239 N.C. 41, 45, 79 S.E.2d 230, 232 (1953)). However, an actual trespass is not a necessary element of larceny when possession of the property is fraudulently obtained by some trick or artifice. *Id.*; *see also State v. Harris*, 35 N.C. App. 401, 402, 241 S.E.2d 370, 371 (1978). " 'Larceny by trick' is not a crime separate and distinct from common law larceny, but the term is often used to describe a larceny when possession was obtained by trick or fraud." *Harris*, 35 N.C. App. at 402, 241 S.E.2d at 371. It is not necessary for the State to allege the manner in which the stolen property was taken and carried away, and the words "by trick" need not be found in an indictment charging larceny. *Id.* (citing *State v. Lyerly*, 169 N.C. 377, 85 S.E. 302 (1915)).

Here, the evidence shows defendant was given permission to take the truck for a test drive but was not given permission to keep the truck. An hour later, defendant was expressly told to return the truck by 5:00 p.m. He did not, and was discovered driving the truck several days later.

There was also evidence presented that defendant had been previously convicted of two similar crimes where he drove vehicles off dealership lots with permission to take them for a test drive but then failed to return the vehicles to the owners.

Viewed in the light most favorable to the State, we find this evidence sufficient to support a reasonable inference that defendant obtained possession of the truck in question by trick or fraud with the intent to permanently deprive the owner of its use. Accordingly, the trial court did not err in denying defendant's motions to dismiss and by instructing the jury on "larceny by trick."

No error.

*Judges MARTIN and TYSON concur.*